DIANE PETERSON, A MINOR, BY WARREN E. PETERSON, HER FATHER AND NEXT FRIEND, APPELLANT, V. SANDRA I. DEAN ET AL., APPELLEES.

186 N. W. 2d 107

Filed April 23, 1971. No. 37680.

Warren C. Schrempp of Schrempp, Rosenthal & Bruckner, for appellant.

John R. Douglas of Cassem, Tierney, Adams & Henatsch, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action for personal injuries sustained by a guest passenger in a one-car accident. At the close of the plaintiff's evidence, the trial court granted defendant's motion to dismiss. The sole issue on appeal is whether the evidence of the plaintiff was sufficient to raise a jury issue on the liability of the defendant under the Iowa guest statute.

The plaintiff, Diane Peterson, and the defendant, Sandra Dean, lived and worked in Omaha, Nebraska. On Friday evening, August 9, 1968, they drove from Omaha;

Nebraska, to North Sioux City, South Dakota. At around 10 p.m., they arrived at The Dunes Club. There they met John Otto, a friend of the plaintiff. They danced and talked with friends at the club until it closed at 11:45 p.m. The plaintiff and the defendant and John Otto left the club together. John Otto was to ride with them as far as the Sloan exit on Interstate Highway No. 29 south of Sioux City, Iowa. This was the highway the plaintiff and defendant had used in driving between Omaha and Sioux City. It was raining enough that it was necessary to turn on the windshield wipers. It rained intermittently and was raining hard at times before they reached the Sloan exit, which was 27 miles south of North Sioux City. During this portion of the trip, the plaintiff asked the defendant to slow down because it was raining too hard. Mr. Otto also asked defendant to slow down, but the defendant did not decrease her speed. They reached the Sloan exit and stopped at a gas station just off the exit where John Otto's friends were waiting for him. They stayed there a few minutes and then the two girls continued their trip to Omaha alone. The defendant, Sandra Dean, was still driving and the plaintiff, Diane Peterson, was sitting in the right front seat. After they returned to the Interstate highway, it started raining harder. Approximately 9½ miles south of the Sloan exit, after passing one car, the defendant came up behind a truck. Her speed was between 65 and 70 miles per hour. The speed limit at that point was 65 miles per hour. The defendant pulled into the left-hand lane and started to go around the truck. When she was approximately 10 feet from the truck, water started splashing up over her windshield. The wipers did not help and there was no visibility at all. The defendant kept on going and when they were a little in front of the rear tires of the truck, she threw up her arms, told the plaintiff to take the wheel, and fell over on the plaintiff with her head in the plaintiff's lap. The car went off the road to the left

and rolled over several times. The plaintiff was thrown out of the car and seriously injured.

The accident occurred in the State of Iowa and the plaintiff was a guest passenger. Under the Iowa guest statute, the owner or operator of a motor vehicle is not liable for any damages to a guest passenger unless the damages are "caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle." I.C.A., § 321.494.

There is no issue of intoxication. The sole issue is whether there was evidence of "reckless operation" sufficient to go to the jury. The law of Iowa is that upon a defendant's motion for directed verdict at the close of the plaintiff's evidence, the evidence must be considered in the light most favorable to plaintiff regardless of whether it is contradicted. See Vipond v. Jergensen, 260 Iowa 646, 148 N. W. 2d 598. The Supreme Court of Iowa said in that case: "Consistently we have concluded it is not the court's duty to determine whether defendant was reckless, but we are required to examine the evidence to determine whether there is sufficient evidence from which a jury might reasonably draw an inference of reckless operation."

Until 1970, the Iowa court had said: "Reckless operation of a motor vehicle as used in our 'guest statute', section 321.494, Code 1962, means more than negligence, more than want of ordinary care. It means, proceeding with no care coupled with disregard for the consequences, the acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or so obvious the operator should be cognizant of it, when the consequences of such actions are such that an injury is a probability rather than a possibility. Recklessness may include willfulness or wantonness, but if the conduct is more than negligence it may be reckless without being willful and wanton. The elements of recklessness are: (1) No care coupled with disregard of con-

sequences, (2) there must be evidence of defendant's knowledge, actual or chargeable, of danger and proceeding without any heed of or concern for consequences, and (3) the consequences of the actions of the driver are such that the occurrence of injury is a probability rather than a possibility. We have required evidence of a persistent course of conduct to show no care with disregard of consequences. If it were not so required we would be allowing an inference of recklessness from every negligent act." Shoop v. Hubbard, 259 Iowa 1362, 147 N. W. 2d 51. See, also, Vipond v. Jergensen, *supra*.

The district court in the case now before us found that the evidence failed to establish a persistent course of conduct and failed to show no care with disregard of consequences as a matter of law.

In March 1970, the Iowa Supreme Court decided Winkler v. Patten, 175 N. W. 2d 126. In that case, the Iowa court held: "Showing of a persistent course of conduct is a matter of evidence ordinarily shown to establish recklessness. It is not in itself an essential element. It is in most instances merely a helpful yardstick or guide by which to determine recklessness as opposed to negligence."

It should be noted that the Winkler case also approved an instruction which included language that "Conduct arising from momentary thoughtlessness, inadvertence, or from error of judgment, does not indicate a reckless disregard of the rights of others and does not constitute recklessness within the meaning of the law." The court in the Winkler case also said that "juries have found more and more situations to be within the definition of recklessness," and that "our court has applied a very loose rein on such findings."

In Winkler, while the facts are not in any sense comparable, the court quoted from Lewis v. Baker, 251 Iowa 1173, 104 N. W. 2d 575: "It is not for us to say whether there was recklessness, but only whether rea-

sonable minds, such as in theory at least are found in our juries, might so conclude."

The decisions under the Iowa guest statute have dealt in legal semantics almost as frequently as our own. Decisions may be found which support either side of almost any case arising under the statute. See Lewis v. Baker, *supra*, at p. 1176.

In the posture of the case here, the plaintiff is entitled to have the evidence given the most favorable construction it will reasonably bear. With the benefit of that rule, inferences might be drawn that the defendant had operated her automobile over a considerable distance at a rate of speed exceeding the maximum speed limit, and that speed was maintained at night and in a heavy rain and over the protest of passengers. The jury might also find that in passing a truck at a speed of 70 miles per hour in a heavy rain she continued her speed after her vision was completely obscured by water, and finally voluntarily took her hands from the wheel, directed the passenger to take the wheel, and then lay down in a position to prevent anyone having control of the vehicle.

Under the Iowa guest statute, I.C.A., § 321.494, whether a motorist is reckless is a question of law for the court, if reasonable minds, having before them all the evidence on the question, could reach but one conclusion, and is a question of fact for the jury if, under the proved or admitted facts, different minds might reasonably reach different conclusions. Mescher v. Brogan, 223 Iowa 573, 272 N. W. 645. Under modern standards of driving operation, we do not think it may be said as a matter of law that no reasonable minds could find such operation to be "reckless" within the meaning of the Iowa guest statute. Reasonable jurors might reasonably reach different conclusions as to whether the defendant was "reckless" and that issue was not a question of law for the court but was a question of fact for the jury.

The judgment of the district court is reversed and the

722

cause is remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.