Forrest W. **BACHMAN**, Plaintiff,

v.

**AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON and Midwest Mutual Insurance Company**, Defendants.

Civ. A. No. T–4708.

United States District Court,
D. Kansas.

Feb. 24, 1972.

Fisher & Benfer, Topeka, Kan., for plaintiff.

James C. Wright, Topeka, Kan., for American Mutual Ins. Co.

Chas. L. Davis, Jr., Topeka, Kan., for Midwest Mutual Insurance Co.

## MEMORANDUM OF THE COURT, FINDINGS OF FACT AND CONCLUSIONS OF LAW

THEIS, District Judge.

### FINDINGS OF FACT

1. Plaintiff is a citizen of the State of Virginia. Defendant is a resident of Iowa.

2. Thomas W. Bachman, on July 3, 1968, purchased and had issued to him an automobile liability insurance policy by Midwest Mutual Insurance Company. The policy provided coverage on his 1968 Honda motorcycle and was in force on October 2, 1968.

3. Thomas W. Bachman signed a purported rejection of uninsured motorist protection reciting a $15.00 premium.

4. On October 2, 1968, Thomas W. Bachman died as a result of a collision with an automobile. Both the driver and the owner of the automobile were uninsured motorists. At the time of the collision, Thomas W. Bachman was riding the insured vehicle.

5. Thomas W. Bachman left Forrest W. Bachman, his father and the plaintiff herein, surviving him.

6. On November 3, 1969, plaintiff, through his attorney, made demand upon the defendant for payment of $10,000.00 pursuant to the uninsured motorist coverage.

7. On November 10, 1969, defendant responded, denying its liability under the uninsured motorist coverage, and stating that the deceased had waived uninsured motorist coverage.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over both the parties to this lawsuit and the subject matter of the controversy.

2. K.S.A. § 40–284, does not impose absolute liability upon an insurer when its insured incurs injuries as a result of a collision with an uninsured motorist. Rather, the intent of the statute is to provide compensation to the insured where he incurs injuries or is killed through the wrongful conduct of an uninsured motorist, but only after the insured establishes that he is legally entitled to recover for such injuries.

3. The burden of proof was on plaintiff to establish the liability of the uninsured motorist for the death of Thomas W. Bachman as a prerequisite to recovery under the uninsured motorist provision.

4. Plaintiff failed to introduce any evidence establishing such liability on the part of the uninsured motorist and therefore failed to sustain his burden of proof.

### MEMORANDUM OF THE COURT

Plaintiff brought this action against defendant to recover under the provisions of the automobile liability insurance policy issued by the defendant, particularly under the uninsured motorist provision. Thomas W. Bachman, plaintiff's son, purchased the policy in question on July 3, 1968, to provide liability coverage on his 1968 Honda motorcycle. At that time he was offered uninsured motorist coverage at a premium of $15.00 per annum required by K.S.A. § 40–284. He rejected such coverage and signed the rejection form furnished by the defendant. Subsequently, Thomas

W. Bachman was killed on October 2, 1968, when the motorcycle he was operating collided with an automobile. Neither the driver nor the owner of the automobile was insured. Accordingly, plaintiff's attorney wrote the defendant insurance company on November 3, 1969, outlining the circumstances of the collision, stating that the owner and driver were uninsured, advising defendants that their rejection form was invalid, and demanding payment according to the terms of the policy. On November 10, 1969, defendant replied, stating: "We have no doubt whatsoever that our rejection is valid." On January 12, 1970, plaintiff commenced this action and on March 24, 1970, defendant answered, alleging that the deceased had waived coverage and that in any event neither the deceased nor his personal representative were entitled to recover damages.

■ Plaintiff has assumed a novel position respecting the issues raised in the pleadings. He asserts that defendant, by virtue of its response to his initial letter, has waived all its defenses except the validity of the waiver of coverage. Relying upon this theory, his evidence at trial was directed solely to the issue of whether the rejection form signed by Thomas W. Bachman was valid. No evidence was presented on the issue of the uninsured motorist's liability or on contributory negligence. The defendant in its case presented evidence on the issue of contributory negligence. During argument, defendant contended that as a condition precedent to recovery under an uninsured motorist provision, as contemplated by K.S.A. § 40–284, plaintiff was required to establish the liability of the uninsured motorist to him. If the statute does, in fact, require proof of liability before an insured can recover from his insurance company, then plaintiff has failed to sustain his burden of proof irrespective of the legal merit of his waiver of defenses theory.

This argument presents what is apparently a legal question of first impression requiring interpretation of K.S.A. § 40–284. That statute provides in pertinent part as follows:

> "No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state . . . unless the policy contains or has endorsed thereon, a provision with coverage limits not less than the limits for bodily injury or death set forth in K.S.A.1967 Supp. 8–729, providing for payment of part or all sums which the insured or his legal representative *shall be legally entitled to recover as damages from the uninsured owner or operator* of the motor vehicle because of bodily injury, . . . including death, resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such motor vehicle. . . . " (Emphasis added.)

Essentially, the legal issue for the Court to determine is whether the phrase "shall be legally entitled to recover as damages from the uninsured owner or operator," as used in the statute, imposes upon the plaintiff the burden of establishing the liability of the uninsured motorist to him as a prerequisite for recovery. This question has not heretofore been raised in Kansas; therefore this Court must interpret the meaning of this statutory language in light of what it considers to be the intent of the legislature in enacting K.S.A. § 40–284. United States v. Barnard, 255 F.2d 583 (10th Cir. 1958), cert. den., 358 U.S. 919, 79 S.Ct. 287, 3 L.Ed.2d 238.

■ It is readily apparent from a perusal of the statute and from a review of cases in other jurisdictions interpreting similar language, that the legislature, in enacting K.S.A. § 40–284, intended to provide financial recompense to innocent parties who receive injuries or who are killed through the wrongful conduct of a motorist who, because he is uninsured and financially unresponsible,

cannot be made to respond in damages. See Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P.2d 34 (1969) (dicta); see generally, 12 Couch, Insurance, § 45:623, n. 5 (2d ed. 1964). The statute was not intended, however, to impose absolute liability without regard to fault, but rather, to provide compensation only when there is liability on the part of another for the injury. Other courts which have had occasion to interpret the phrase "legally entitled to recover" have held that, as a prerequisite to recovery under an uninsured motorist provision, the plaintiff had to establish the liability of the uninsured motorist to him. Noland v. Farmers Ins. Exchange, 413 S.W.2d 530 (Mo.App.1967); Laird v. Nationwide Ins. Co., 243 S.C. 388, 134 S.E.2d 206 (1964); Allstate Ins. Co. v. Charneski, 16 Wis.2d 325, 114 N.W.2d 489 (1962); Remsen v. Midway Liquors, Inc., 30 Ill.App.2d 132, 174 N.E.2d 7 (2d Dist. 1961); see Sturdy v. Allied Mutual Ins. Co., supra (dicta); 12 Couch, supra, at § 45:649.

That this, too, is the proper interpretation of the Kansas statute, is further bolstered by the following language which appears in Sturdy v. Allied Mutual Ins. Co., supra, 203 Kan. at 785, 457 P.2d at 36:

> "For our purposes we may say uninsured motorist coverage is protection afforded an insured by first party insurance against bodily injury inflicted by an uninsured motorist, *after the liability of the uninsured motorist for the injury has been established.*" (Emphasis added.)

Although the Kansas Supreme Court was not directly concerned with an interpretation of K.S.A. § 40–284, the language is nevertheless indicative of the Court's predeliction in this area. Thus, it could be inferred that if presented with the same question as presented here, the Kansas Supreme Court would likely require a showing of liability on the part of the uninsured motorist as a prerequisite to recovery under an uninsured motorist provision.

More directly in point, is the case of Laird v. Nationwide Ins. Co., supra, 134 S.E.2d at page 209, which embraced a statute containing the same phrase as the Kansas statute. There, the Supreme Court of South Carolina held:

> "Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist."

In view of the interpretation given by other courts to similar uninsured motorist provisions and mindful of the legislative intent underlying the statute, this Court holds that before an insured or his legal representative is entitled to recover from an insurance company, he must first sustain his burden of proving that the uninsured motorist is liable to him for his injuries. To rule otherwise would impose an absolute liability upon the insurance company in derogation of the legislature's intent in enacting K.S.A. § 40–284. Here, plaintiff has failed to sustain this burden of establishing the liability of the uninsured motorist. In fact, no evidence on this issue was presented and so the Court need not consider the merits of plaintiff's contentions concerning the validity of the rejection form since even if the rejection form were invalid, plaintiff is precluded from recovering. If evidence tending to establish the liability of the uninsured motorist for Thomas W. Bachman's death were presented this case would, of course, assume a different posture and plaintiff's contentions would then merit consideration. However, since plaintiff has failed to sustain his burden of proof, judgment must be entered in favor of the defendant.

It is so ordered.