JAMES CROSSLEY, APPELLEE, v. PACIFIC EMPLOYERS INSURANCE COMPANY, APPELLANT.

251 N. W. 2d 383

Filed March 16, 1977. No. 40791.

Robert L. Matthews, Jr., and William J. Brennan, Jr., for Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellant.

James R. Coe of Matthews, Kelley, Cannon & Carpenter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The plaintiff brought this action in the District Court for Douglas County, Nebraska, for personal in-

juries against the insurer under the uninsured motorist provisions of the insurance policy on an automobile owned by plaintiff. The personal injuries resulted from an automobile accident which occurred in the State of Colorado, while plaintiff was riding as a passenger in an automobile owned and driven by his stepson. The driver of the other vehicle was a resident of Colorado. The District Court held as a matter of law that the automobile driven by the Colorado resident was an uninsured motor vehicle, and the jury returned a verdict for the plaintiff in the sum of $6,632.40, and the court assessed attorney's fees of $1,500. The defendant insurance company has appealed.

On April 12, 1974, plaintiff was a passenger in a car owned and driven by his stepson. The automobile was entering an entrance ramp to Interstate 80 near Denver, Colorado, when it stopped because of traffic ahead of it. While the automobile was stopped it was struck from behind by an automobile driven by a Colorado resident and the plaintiff hit his knee on the dashboard. Plaintiff was taken to Denver General Hospital, X-rayed, and released with instructions to see his doctor when he got home. Plaintiff visited an Omaha orthopedic surgeon about 3 weeks later on May 8, 1974, and on two occasions thereafter, the final visit being on November 19, 1974. The doctor testified that at that time the injury had healed but the ligament in the knee was not as solid as before the injury, predisposing the plaintiff to future injury. Other than that, there was no permanent impairment. The plaintiff lost a few days from work, and the total medical costs were $118.26.

At the time of the accident, the plaintiff had an automobile insurance policy with the defendant, Pacific Employers Insurance Company, providing $10,000 uninsured motorist coverage to the insured. Under the terms of the policy the defendant was ob-

ligated "To pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury, * * * sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle; * * *." The driver of the Colorado automobile had an automobile insurance policy with Farmers Insurance Group providing liability insurance of $15,000 each person, $30,000 each occurrence, for bodily injury; and $10,000 each occurrence property damage coverage.

At the time of the accident, Colorado had enacted a no-fault Auto Accident Reparations Act. Under that act no person is permitted to recover against an owner or driver with the required insurance except where there was (1) death; (2) dismemberment; (3) permanent disability; (4) permanent disfigurement; (5) reasonable need for medical services having a reasonable value in excess of $500; or (6) loss of earnings beyond a 52-week period not compensated by an insurance policy complying with the terms of the act. Colo. Rev. Stat. Ann., § 10-4-701 et seq.

Plaintiff made demand for payment on the insurance carrier for the Colorado automobile. That company paid the property damage on the vehicle owned by plaintiff's stepson, but refused to pay any damages for personal injuries to the plaintiff because of the Colorado Auto Accident Reparations Act. Plaintiff then brought this action against the insurance carrier on his own automobile under the uninsured motorist coverage of the policy. The District Court found as a matter of law that the Colorado automobile was an "uninsured" motor vehicle, and a jury verdict for the plaintiff was thereafter returned.

The first issue is whether or not the Colorado automobile was an "uninsured motor vehicle" under the

terms of the Nebraska statutes and the terms of the plaintiff's insurance policy. It is conceded that the insurance coverage on the Colorado automobile not only complied with all the provisions of the Colorado Auto Accident Reparations Act, but afforded the coverage and limits for personal injury specified by section 60-509, R. R. S. 1943. Had the accident occurred in the State of Nebraska the Colorado car would clearly have been an insured rather than an uninsured motor vehicle. It was not the Colorado automobile insurance policy which restricted or limited the legal liability of the Colorado driver or her insurance carrier. Instead, it was the law of Colorado which had that effect.

The trial court found that the Colorado policy did not afford the minimum dollar coverage specified by the Financial Responsibility Act of the State of Nebraska, and that it was therefore not applicable to the particular accident. The Colorado policy applied to and covered the particular accident involved here. The insurer was obligated to pay on behalf of the Colorado driver all sums which the driver became legally obligated to pay as damages because of bodily injury arising out of this accident. The Colorado policy covered the Colorado vehicle at the time of the accident, and its coverage and limits complied with Nebraska law. A vehicle which has liability insurance coverage effective and applicable to it at the time of an accident in limits not less than the amounts required by section 60-509, R. R. S. 1943, is not an uninsured motor vehicle within the meaning of section 60-509.01, R. R. S. 1943. See Emery v. State Farm Mut. Auto. Ins. Co., 195 Neb. 619, 239 N. W. 2d 798. The Colorado automobile was not an uninsured motor vehicle.

The thrust of plaintiff's argument is that he should be entitled to recover from the Colorado driver as though the tort liability law of Nebraska applied to the accident in Colorado, and that if he cannot do so,

then he should be allowed to recover under the uninsured motorist coverage of his own policy. This court has consistently held that in an action for personal injuries or death resulting from an automobile accident, the law of the place where the accident occurred will be applied, and that law governs not only the amount of recovery but also the right to recover. See, Lorenzen v. Continental Baking Co., 180 Neb. 23, 141 N. W. 2d 163; Peterson v. Dean, 186 Neb. 716, 186 N. W. 2d 107.

Under virtually any rationale of the current principles of conflict of laws which apply to actions for personal injuries the same result still follows. Restatement, Conflict of Laws 2d, section 146, page 430, states in part: "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship * * *." Comment d under that section makes it clear that in virtually all instances where the conduct and the injury occur in the same state, that state has the dominant interest in regulating that conduct and in determining whether it is tortious in character, and whether the interest affected is entitled to legal protection.

Even if the Colorado car were held to be an uninsured motor vehicle, the plaintiff could only recover under his own uninsured motorist coverage any sums which the operator of the Colorado automobile would be legally responsible to pay to the plaintiff as damages, and that issue is determined under Colorado law. Uninsured motorist coverage is dependent upon legal liability on the part of the uninsured motorist to the insured for the personal injuries sustained. The claimant must establish the liability of the uninsured motorist to him before he can recover. See, 12 Couch on Insurance, § 45:649, p. 584; Noland v. Farmers Ins. Exchange (Mo. App.), 413 S. W. 2d

530; Bachman v. American Mut. Ins. Co. of Boston, 338 F. Supp. 1372 (Kan., 1972). Whether the Colorado driver is regarded as an insured motorist or an uninsured motorist, there is simply no dispute that she is not legally liable to the plaintiff for his bodily injuries suffered in this accident.

In view of the determinations made we do not find it necessary to reach additional issues as to the uninsured motorist coverage here which have been argued in the briefs. Those issues would be cumulative at this point. The defendant's motion for summary judgment should have been granted. The judgment of the District Court is reversed and the cause dismissed.

REVERSED AND DISMISSED.