RENWICK, Appellee,

v.

LIGHTNING ROD MUTUAL INSURANCE CO., Appellant.

[Cite as *Renwick v. Lightning Rod Mut. Ins. Co.* (1991), 72 Ohio App.3d 708.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1102.

Decided Feb. 26, 1991.

*Wilcox, Schlosser & Bendig* and *Charles H. Bendig,* for appellee.
*Siemer, Leighton & Love* and *Walter J. Siemer,* for appellant.

McCormac, Judge.

Defendant-appellant, Lightning Rod Mutual Insurance Company, appeals from the judgment of the Franklin County Court of Common Pleas sustaining the motion of plaintiff-appellee, Jessica Renwick, for summary judgment declaring that appellee was a covered person entitled to uninsured motorist coverage under the terms of the policy of insurance between appellant and appellee's father.

Appellant raises the following assignments of error:

"Assignment of error No. 1

"The trial court erred in awarding judgment to plaintiff declaring her to be an insured under underinsured motorists coverage when the affidavit of plaintiff in support of motion for summary judgment did not affirmatively show that her claim was denied because of lack of liability insurance covering the tortfeasor and her evidence was at best in conflict with the affidavit filed on behalf of defendant showing that the tortfeasor was in fact covered by liability insurance.

"Assignment of error No. 2

"The trial court erred in awarding judgment for plaintiff on the basis of her being an insured under her father's automobile insurance policy when there is conflicting evidence as to whether she was a resident in her father's household.

"Assignment of error No. 3

"The trial court erred in denying defendant-appellant's motion for summary judgment.

"Assignment of error No. 4

"The trial court erred in finding that plaintiff, Renwick, is without a remedy against either Sexton (the alleged tortfeasor) or Michigan AAA Insurance (her insurer) which was the basis for its award of summary judgment to plaintiff."

Appellee was injured when she was struck by a car driven by a Michigan resident as she was crossing a street in Ann Arbor, Michigan. For the purposes of this appeal, the negligence of the Michigan driver is not contested. The alleged tortfeasor was protected by insurance as required by Michigan's no-fault law.

Simply put, Michigan has divided its mandatory insurance coverage into two types and has partially abolished tort liability. Liability is retained when the victim has suffered death, serious impairment of bodily function, or permanent serious disfigurement. Under these circumstances, a plaintiff may pursue an action against the tortfeasor and seek recovery under the defendant's liability coverage. In the case of minor injuries, tort liability has been abolished and the injured party may collect her damages under the terms of her own personal protection insurance. See M.C.L.A. Sections 500.3107 and 500.3131 (West 1983).

Appellee submitted a claim to Michigan AAA Insurance, the alleged tortfeasor's insurance carrier. The claim was denied for failure of appellee to meet the threshold injury requirement. Appellee did not further pursue her claim against the tortfeasor's insurer but, rather, submitted a claim to appellant under the uninsured and medical payment provisions of her father's policy. Subsequently, appellee commenced this action seeking a declaration of her rights under the insurance policy issued by appellant to her father.

Appellant contends that appellee was not insured under the terms of the policy between appellant and appellee's father since she was not a resident of her father's household. Appellant relies on the definition of insured provided in the uninsured coverage section of the policy. Under liability coverage, the policy defines insured as "[y]ou or any **family member**." Family member is defined in the general definition section of the policy as:

"**Family member** means a person related to you by blood, marriage or adoption who is a resident of your household. * * * "

■ The layout of the structure in which appellee and her family resided is somewhat unusual. The home was originally built as a one-room schoolhouse but had been remodeled as a residence. Some thirty years ago an adjoining bedroom was added to the side of the main structure. A doorway led from the addition to the house but it was subsequently sealed off to conserve heat. Therefore, to travel from the addition to the main house, one had to exit to the

outside and to enter the house by way of the front door.  The addition had its own heat source but the kitchen, bathroom, and common living areas of the residence were all located in the main structure.  Appellant maintains that, since appellee had to go outside to enter the main house, she was not a resident of her father's household.  We do not agree with appellant's reasoning.

■ Webster defines "resident" as " * * * one who resides in a place: one who dwells in a place for a period of some duration * * *."  Webster's Third New International Dictionary (1986) 1931.  In order for appellee to stay for any length of time in the added bedroom, she would necessarily have to enter the house to do her cooking and to use the bathroom.  Appellee stated in her deposition that the bedroom had been used before by her brothers and that she had used the bedroom since she was fifteen.  Her father paid all of the bills associated with maintaining the bedroom and appellee paid no rent.  Thus, the evidence establishes that the bedroom was not intended to be a separate residence, but at all times had been designed to be an extension of the main house.  As a general proposition, provisions of a contract of insurance are to be construed liberally in favor of the insured.  *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380.  Under a liberal construction (and probably even a conservative construction) reasonable minds could come to but one conclusion, which is that appellee was a resident of her father's household and, thus, an insured under the provisions of the subject policy.

Appellant's second assignment of error is overruled.

■ The remainder of appellant's assignments of error present but one issue and, as such, they will be addressed together.  The issue is whether an Ohio resident insured under an Ohio policy may invoke the uninsured provisions of that policy when involved in an automobile-pedestrian collision that occurs in Michigan which is caused by a Michigan resident whose liability insurance coverage complies with Michigan's no-fault insurance laws.  We answer this question in the negative.

The policy at issue, under part C, Uninsured Motorist Coverage, provides:

"We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident.  * * * "

This language mirrors R.C. 3937.18(A)(1), which states that uninsured coverage in Ohio is " * * * for the protection of persons insured thereunder who are legally entitled to recover damages * * * " from negligent parties who do not carry liability insurance.  The operative phrase in both the

insurance policy and the statute is "legally entitled to." The trial court concluded that appellee was entitled to uninsured coverage because the Michigan insurer had denied her claim. However, the Michigan insurer's denial is more properly categorized as a denial of liability rather than a denial of coverage.

Generally, uninsured motorist coverage applies only when a tortfeasor does not carry the requisite liability coverage. *York v. State Farm Fire & Cas. Co.* (1980), 64 Ohio St.2d 199, 18 O.O.3d 412, 414 N.E.2d 423. The phrase "legally entitled to recover" was defined in the syllabus of *Sumwalt v. Allstate Ins. Co.* (1984), 12 Ohio St.3d 294, 12 OBR 368, 466 N.E.2d 544, to mean " * * * that the insured must be able to prove the elements of her claim necessary to recover damages." In the present case, the Michigan motorist did carry liability insurance but the appellee did not establish the necessary elements to pursue her claim against the Michigan insurer. Appellee's injuries did not reach the level of severity required to pursue a tort claim under Michigan law. Therefore, appellee's claim was denied not because of lack of coverage, but for lack of liability because she had failed to prove a necessary element.

The parties and the trial court considered this case to be one of first impression in Ohio. However, shortly after the trial court announced its decision, the Summit County Court of Appeals released an opinion resolving an identical situation in a manner contrary to that of the trial court. In *Kurent v. Farmers Ins. of Columbus, Inc.* (June 27, 1990), Summit App. No. 14098, unreported, 1990 WL 94084, affirmed in (1991), 62 Ohio St.3d 242, 581 N.E.2d 533, the court was presented with an automobile collision in Michigan involving a Michigan resident and an Ohio resident. That court, in concluding that uninsured coverage was not available under the Ohio policy, stated:

" * * * [T]he Kurents were not denied coverage by AAA, the Michigan tortfeasor's insurer[;] rather AAA refused any liability for the Kurents' claim because the Kurents' injuries were not sufficiently serious to satisfy the threshold requirement for recovery in tort for non-economic damages under Michigan law. The Kurents have not proven the elements necessary to recover damages. * * * In short, the Kurents' claim was rejected not because of insufficient insurance coverage, but rather because of insufficient injuries. * * * "

We agree with the reasoning of Judge Cirigliano and adopt the reasoning of *Kurent.*

This court does not agree that *State Farm Mut. Auto. Ins. Co. v. Crockett* (1980), 103 Cal.App.3d 652, 163 Cal.Rptr. 206, and *Crossley v. Pacific*

*Employers Ins. Co.* (1977), 198 Neb. 26, 251 N.W.2d 383, stand for the proposition that a denial of coverage due to a no-fault scheme constitutes grounds for invoking uninsured coverage. Both of the cited cases actually came to the opposite conclusion. The California Appellate Court concluded that a claimant must first establish a tortfeasor's legal liability before remedy can be had under an uninsured endorsement. In *State Farm v. Crockett, supra,* the court stated, 103 Cal.App.3d at 658, 163 Cal.Rptr. at 209:

"We therefore conclude that appellants cannot recover under their uninsured motorist coverage both because the Hamblin vehicle was insured, and because Hamblin had no legal liability toward appellants—the no-fault system having abolished tort liability where, as here, the medical expenses of an injured party do not exceed $1,500. * * * "

The Nebraska Supreme Court applied the same "legally entitled to" reasoning when it held uninsured coverage was not available in *Crossley, supra.* The Michigan motorist who struck appellee did carry liability insurance. Furthermore, appellee did not pursue her Michigan claim beyond the point of the carrier's initial denial, apparently accepting the fact that the injuries were not of that severity. If the carrier incorrectly denied coverage in Michigan, the denial should have been pursued further in that jurisdiction.

A primary basis for the trial court's decision was that without uninsured motorist coverage appellee would be without a remedy. This is not necessarily the case. Appellee's complaint for declaratory relief asked for a determination of her rights under both uninsured coverage and medical payments coverage. The trial court did not address the medical-payments issue. Upon remand, the trial court is instructed to do so. It may well be that under the applicable provisions of the policy appellee will be entitled to reimbursement for some of her out-of-pocket expenses. That issue is not before this court but was properly before the trial court in the original proceeding and, thus, should be addressed upon remand of this action.

Most of the facts are not in dispute. Construing those that are in favor of appellee, as mandated by Civ.R. 56, we conclude that no genuine issue of relevant fact remains as to the uninsured motorist coverage. Appellant was entitled to summary judgment on this issue.

Appellant's first, third, and fourth assignments of error are sustained.

Appellant's second assignment of error is overruled. Appellant's first, third, and fourth assignments of error are sustained as to the uninsured motorist issue. Appellant's fourth assignment of error is overruled as to the issue of medical payment coverage. The judgment of the trial court is reversed. The cause is remanded to the trial court with instructions to declare appellee's rights under the medical payment provisions of her father's

policy with appellant, if any exist, and to declare that appellant has no rights under the uninsured motorist provision.

*Judgment reversed*
*and cause remanded*
*with instructions.*

REILLY and CACIOPPO, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting and determining the appeal prior to retirement.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.