[Civ. No. 3974. Third Appellate District.—February 1, 1930.]

D. FLETCHER, Appellant, v. COMMERCIAL DISCOUNT COMPANY (a Corporation), Respondent.

W. W. Kaye and Ralph E. Wallace for Appellant.

Hardy, Elliott & Aberle and Rex Hardy for Respondent.

FINCH, P. J.—The plaintiff brought this action to recover possession of an automobile or its value. Judgment was entered in favor of the defendant Commercial Discount Company for the possession of the automobile and in favor of the plaintiff against the defendant Hollywood Marmon Company for the value thereof. The plaintiff has appealed from the judgment.

It was stipulated at the trial that on April 5, 1927, the Hollywood Marmon Company was "a motor vehicle dealer, . . . dealing particularly in Marmon automobiles"; that on that day the plaintiff "ordered from said Hollywood Marmon Company a certain five-passenger . . . automobile : . . for the sum of $4,405" and delivered to that company a 1925 Marmon sedan "as part payment in the sum of $2,250"; that on April 13, 1927, the plaintiff paid the balance of the purchase price and was given a memorandum of sale of the automobile, stating the motor number and other particulars to identify the machine; that the plaintiff

never took possession of the automobile, "nor was there ever any actual or continuous change of possession of said automobile between the Hollywood Marmon Company and the plaintiff"; that the plaintiff "did not record any bill of sale or other indicia of ownership" or cause the automobile to be registered in the Motor Vehicle Department of the state; that "on April 21, 1927, and while said new automobile was then and there in the possession of the Hollywood Marmon Company, it sold and conveyed said new automobile and the title thereto to the defendant Commercial Discount Company, which thereupon entered into a conditional contract of sale . . . with said Hollywood Marmon Company; . . . that then and there and as a part of the same transaction, the defendant Commercial Discount Company paid to the Hollywood Marmon Company the sum of $2,890; that thereupon said Hollywood Marmon Company" caused the automobile to be registered in the Motor Vehicle Department "in the name of the Hollywood Marmon Company, with the legal ownership of said automobile registered in the name of the defendant Commercial Discount Company," which "received from said Motor Vehicle Department the customary and usual pink certificate of registration"; that the Commercial Discount Company did not "come into the actual possession of said automobile until May 6, 1927," up to which time the automobile remained in "the physical possession of said Hollywood Marmon Company"; that on said sixth day of May the "Commercial Discount Company took possession of said automobile and removed same from the place of business of the Hollywood Marmon Company"; that before it so removed the automobile "the plaintiff personally demanded of . . . the defendant Commercial Discount Company and of said Hollywood Marmon Company the possession of said new automobile, then and there stating that he was the owner of same."

In addition to the facts stipulated by the parties, the court found "that the Commercial Discount Company . . . had no notice expressed or implied of the transaction had between the plaintiff and the defendant Hollywood Marmon Company until May 5, 1927," and that "the automobile in question was prior to April 21, 1927, placed upon the sales floor of the defendant Hollywood Marmon Company

and was offered for sale by said company to the general public."

From the foregoing facts the court drew conclusions of law as follows:

"That the defendant Commercial Discount Company . . . was innocent in the entire transaction"; that the plaintiff placed the Hollywood Marmon Company "in ostensible authority to sell and dispose of said automobile; . . . that as against the defendant Commercial Discount Company . . . title to the automobile involved in this litigation never passed to the plaintiff; that the defendant Commercial Discount Company is entitled to retain the possession of said automobile as against the plaintiff."

The findings are supported by the evidence. Every transfer of personal property of the kind here involved, "is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, . . . against purchasers or encumbrancers in good faith subsequent to the transfer." (Civ. Code, sec. 3440.) ▮ Appellant contends that the automobile was not in possession of the Hollywood Marmon Company at the time the plaintiff ordered the machine and that, therefore, section 3440 is not applicable. It appears from the evidence that on April 5, 1927, the automobile was in the possession of the Pelton Motor Company, distributor of Marmon automobiles, and that on that day the sales agent of the Hollywood Marmon Company and the plaintiff inspected it and that thereupon the plaintiff selected that particular automobile, but with the understanding that, if another shipment of automobiles was received by the Pelton Motor Company by April 15th, the plaintiff might select one of them in lieu of the one he had inspected, but the order which he signed on that day does not describe any particular automobile. It was addressed to Hollywood Marmon Co., dealer, "subject to your acceptance." No acceptance by the dealer is indorsed thereon. The memorandum of sale of April 13th contains, after the description of the automobile, the words, "or to be selected." R. E. Brown, the salesman through whom the

plaintiff ordered the automobile, testified that, at the time the order was signed by the plaintiff on April 5th "he told me he better wait and see what came in, that he was in no hurry about a car, and so the deal was left open," and that "after the receipt (memorandum of sale of April 5) had been made I gave it to Mr. Fletcher and he stated that he did not want that automobile, so I asked him how I could give him a receipt for a car. that I did not know anything about, I could not show any name or serial number, and then he said to insert 'or to be selected,' which was done by the stenographer." In explanation of a statement he had made to the district attorney, the defendant testified: "I stated that the reason I did not take possession of the automobile on or before the 13th, prior to payment, was because Mr. Brown had promised that a new shipment would arrive not later than the 15th of April, and . . . we decided that the car in question was actually purchased and paid for on the 13th and accepted by me on the 15th." The automobile came into the possession of the Hollywood Marmon Company on April 15th. The reasonable inference from the evidence is that the automobile was so far within the control of the Hollywood Marmon Company on April 5th that it could have made delivery thereof upon payment by the plaintiff of the balance of the purchase price, and it appears from the plaintiff's own testimony that he did not finally select the particular automobile in question until April 15th, when it was in the actual possession of the Hollywood Marmon Company. It must be held, therefore, that section 3440 is applicable.

The transfer of the automobile from the Hollywood Marmon Company to the plaintiff was void for want of delivery and change of possession as against the Commercial Discount Company, which was a subsequent purchaser in good faith.

The first separate defense alleges that such transfer was void. If it be conceded that such defense was defectively alleged, no demurrer thereto was filed and the case was tried upon the theory that the facts constituting such defense were in issue. The defense was clearly established by the stipulation referred to and evidence admitted without objection. The findings in relation thereto are determina-

tive of the cause and therefore it was unnecessary to find on other issues. (24 Cal. Jur. 947.)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 3, 1930.