594 P.2d 633

**UNIGARD INSURANCE GROUP, a corporation, Plaintiff-Respondent,**

v.

**ROYAL GLOBE INSURANCE COMPANY, a corporation, Defendant-Appellant.**

**No. 12744.**

Supreme Court of Idaho.

May 7, 1979.

R. Vern Kidwell and Terry L. Crapo, of Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendant-appellant.

Morton B. Hiller, of St. Clair, Hiller, Benjamin, Wood & McGrath, Idaho Falls, for plaintiff-respondent.

McFADDEN, Justice.

This appeal is from a declaratory judgment action brought by plaintiff-respondent Unigard Insurance Group (Unigard) against defendant-appellant Royal Globe Insurance Company (Royal Globe) to establish the order of liability among three different insurance policies. The policies involved are: (a) Royal Globe's Business Comprehensive Policy providing $100,000 of automobile liability coverage, (b) Royal Globe's Comprehensive Catastrophe Liability Policy providing $1,000,000 of liability coverage, and (c) Unigard's Comprehensive Liability Policy providing $500,000 of automobile liability coverage.

At trial the parties stipulated to the following:

a. During the early evening of December 6, 1974, at Nampa, Idaho, Robert Trabert and Richard Day, both residents of the State of Idaho, decided to travel to Nevada for the weekend. Later that evening, Trabert and Day departed Idaho en route to Nevada in Day's 1973 El Camino pickup. Day's El Camino was registered in the State of Idaho. En route to Nevada during the early morning hours of December 7, 1974, near Burns Junction, Oregon, the El Camino rolled over, fatally injuring Day.. Trabert was driving the El Camino at the time of the accident, with the consent and permission of Day.

b. Trabert was an insured [the named insured] under a comprehensive public liability policy issued by plaintiff Unigard Insurance Group providing $500,000.00 automobile liability coverage . . . . Trabert was also an insured under a Business Comprehensive Policy issued by defendant Royal Globe Insurance Company in favor of Western Supply Company [Day's employer], which provided insurance for $100,000.00 automobile liability coverage for the use and operation by the owner or permissive user of the El Camino . . . . Trabert was an insured under a [$1,000,000.00] Comprehensive Catastrophe Liability Policy . . . issued by defendant in favor of Western Supply Company, providing insurance for liability arising out of the use and operation by the owner or permissive use of the 1973 El Camino . . . .

c. The State of Idaho was the place of negotiation and issuance of Royal Globe's [$100,000.00 and $1,000,000.00] policies with Day; place of negotiation and issuance of Unigard's automobile liability policy with Trabert; principal location of the risk, i. e. locality of owned automobiles in all policies; the domicile, residence, and place of business of Trabert, Day and Day's personal representative; and forum of the instant declaratory judgment action.

The present declaratory judgment action was instituted on January 19, 1976, by respondent Unigard against appellant Royal Globe to determine the priority of liability for any claims arising out of the accident. On January 20, 1977, Day's personal representative commenced a wrongful death action against Trabert in Malheur County, Oregon.

Upon the stipulated facts set forth above, the district court rendered its memorandum decision concluding that Idaho law applied as to interpretation of the relative contractual obligations of the parties. The district court then entered its judgment declaring that the order of priority of liability on the three policies was: first, Royal Globe's $100,000 policy; second, Royal Globe's $1,000,000 policy; and third, Unigard's $500,000 policy. From this judgment Royal Globe appeals, contending first that the district court erred in applying Idaho law, and second, that the court erred in concluding that the Royal Globe policies should assume the first priority of liability.

We note at the outset that an insurer may adjudicate its liability under a policy prior to a trial of a personal injury action and therefore that declaratory judgment was properly sought here. *Farm Bureau Mut. Ins. Co. of Idaho v. Hmelevsky,* 97 Idaho 46, 539 P.2d 598 (1975); *Temperance Ins. Exch. v. Carver,* 83 Idaho 487, 365 P.2d 824 (1961); 22 Am.Jur.2d Declaratory Judgments § 46 (1965); 18 G. Couch, Encyclopedia of Insurance Law § 74.145 (2d ed. 1968); 142 A.L.R. 8, 69 (1943). However, neither side attempted to join Trabert or Day's personal representative as a party to this action. Therefore, only the rights and duties of the insurance companies *vis a vis* each other on these three policies are before us.

Appellant advances the argument that since the accident occurred in Oregon, that state's law should apply to and control the instant declaratory judgment action.[1] Ap-

---

1. Although this court in *Sloviaczek v. Estate of Puckett,* 98 Idaho 371, 565 P.2d 564 (1977), has

adopted the reasoning of Oregon law regarding "other-insurance" clauses, the instant action

pellant contends that an action arising out of a tortious act should be governed by the rule of *lex loci delictus,* i. e. the law of the place where the tort was committed. Appellant would have the law of Oregon applied to establish both substantive and remedial rights of the parties insofar as interpretation of the policies is concerned.

This contention, however, overlooks the fundamental nature of this action. What is involved here is not an action in tort to establish liability, but rather a declaratory judgment action involving interpretation of written contracts of insurance to determine priorities among different policies. In analyzing which state's law should be applied in the interpretation and construction of contracts, this court has adopted the "most significant relationship" test of the American Law Institute Restatement Second of Conflict of Laws. In *Rungee v. Allied Van Lines, Inc.,* 92 Idaho 718, 722–23, 449 P.2d 378, 382–83 (1968), quoting from the then proposed (later officially adopted and promulgated in 1969) official draft of the Restatement Second of Conflict of Laws, Ch. 8, Contracts, we said:

"§ 188. *Law Governing in Absence of Effective Parties' Choice.* (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the State which, as to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

"(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue."

The A.L.I. Conflicts Restatement Second (proposed official draft) § 6 provides in part as follows

"Choice of Law Principles.

\*    \*    \*    \*    \*    \*

"(2) When there is no [statutory] directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied."

Applying this test to the case at bar, the following choice-influencing considerations were stipulated to. The State of Idaho was the place of negotiation and issuance of Royal Globe's $100,000 and $1,000,000 policies with Western Supply; place of negotiation and issuance of Unigard's automobile liability policy with Trabert; principal location of the risk, i. e. locality of owned automobiles in all policies; the domicile, residence, and place of business of Trabert, Day and Day's personal representative.

Regarding the accident which occurred in Oregon, the needs of the interstate system require that persons who travel from their residence into another state have protection of the laws equal to that afforded to persons who have not crossed state lines. *Run-*

was brought prior to the decision in *Sloviaczek.* Royal Globe apparently seeks the application of Oregon law in the event this court declines to apply Sloviaczek retroactively. By reason of our holding, we do not reach this issue.

*gee v. Allied Van Lines, Inc., supra.* In negotiating and executing the respective insurance contracts, both appellant and respondent justifiably expected that the laws of Idaho would apply. The combined weight of all these considerations leads us to the conclusion that Idaho has the most significant relationship with the transaction and parties here involved. We therefore hold that the district court was correct in applying Idaho law to this action.

The second issue on appeal is whether the district court erred in determining that appellant's two policies should be applied prior to respondent's policy in satisfying any claims arising from the accident.

By stipulation prior to trial, Royal Globe stipulated that Trabert was an insured under both the $100,000 policy and the $1,000,-000 policy. This stipulation is set forth above. On appeal, however, appellant argues that the $1,000,000 policy does not afford coverage to Trabert, and that the stipulation should be disregarded. Appellant contends that Trabert's coverage or non-coverage under the policy is a matter of law, and that a stipulation as to a matter of law is not binding upon the parties or the court.

While appellant's contentions are not without merit, they were not raised before the trial court. We have carefully reviewed the trial record and the trial briefs submitted by both sides, and we conclude that the issue was not brought before the trial court. Issues not raised below will not be considered by this court for the first time on appeal. *Bair v. Barron,* 97 Idaho 26, 539 P.2d 578 (1975); *Dunn v. Baugh,* 95 Idaho 236, 506 P.2d 463 (1973); *Frasier v. Carter,* 92 Idaho 79, 437 P.2d 32 (1968). Appellant is therefore bound by its stipulation that both of its policies provide liability insurance coverage to Trabert.

Appellant next contends that the three policies contain mutually repugnant "other-insurance" clauses. Appellant thus argues that the policies should be applied pro-rata up to the policy limits to satisfy any claim which may arise out of the accident.[2] The district court rejected this argument and concluded that by express language of the three policies the two Royal Globe policies provided primary insurance coverage and the Unigard policy provided excess coverage. This court likewise fails to discern the repugnancy between the three "other-insurance" clauses.

The other-insurance clauses of the three policies are as follows:

A. Royal Globe's $100,000 policy

6. *Other Insurance:* The insurance afforded by this policy is *primary insurance,* except when stated to apply in excess of or contingent upon the absence of other insurance. *When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.*

(Emphasis added.)

B. Royal Globe's $1,000,000 policy

11. *Other Insurance.* If other valid and collectible insurance with any other insurer is available to the insured covering a loss also covered by this policy, *other than insurance that is specifically excess of the insurance afforded by this policy,* the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

(Emphasis added.)

C. Unigard's $500,000 policy

6(c). *Excess Insurance-Hired and Non-Owned Automobiles.* With respect to a hired automobile or a non-owned automobile this insurance shall be excess insur-

---

2. Royal Globe urges this court to give Sloviaczek retroactive effect so as to apply the Lamb-Weston doctrine to this case. That doctrine holds that conflicting other-insurance clauses are mutually repugnant and should be rejected in toto, with the policies being applied pro-rata. Even assuming, without deciding, that Sloviaczek extended to this case, its pro-ration rule would not be applicable because no conflict exists between these clauses.

ance over any other valid and collectible insurance available to the insured.

When all three clauses are construed together, it is evident that (1) the Royal Globe $100,000 policy affords "primary insurance" to an owned automobile; (2) the Royal Globe $1,000,000 policy provides excess insurance unless the other insurance available to the insured "is specifically excess"; (3) the Unigard policy, by its express terms, provides "excess insurance over any other valid and collectible insurance" as to a non-owned automobile. The clauses are not in conflict. Each sets forth its order of liability.

As this court said in *Thomas v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.,* 82 Idaho 314, 318, 353 P.2d 776, 778 (1960), quoting with approval *Miller v. World Ins. Co.,* 76 Idaho 355, 357, 283 P.2d 581, 582:

> Policies of insurance, as other contracts, are to be construed in their ordinary meaning, and where the language employed is clear and unambiguous, there is no occasion to construe a policy other than the meaning as determined from the plain wording therein.
>
> It is the function of the Court to construe a contract of insurance as it is written, and the Court by construction can not create a liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability. [citations]

Given their plain and ordinary meaning, each policy specifically sets forth its order of applicability to any claim arising out of this accident. The Royal Globe policies afford primary coverage to an owned vehicle. The Unigard policy affords excess coverage to a non-owned vehicle. The judgment of the district court establishing this priority is affirmed.

Lastly, appellant maintains that the district court's priority violates the statutory priority set forth in I.C. § 49–1404. Subsection 3 of I.C. § 49–1404 states that

> In any action against an owner on account of imputed negligence as imposed by this section the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant if personal service of process can be had upon said operator within this state. Upon recovery of judgment, recourse shall first be had against the property of said operator so served.

Appellant argues that this statute creates a mandatory priority against the property of the operator of the vehicle, i. e. against the insurance policy of the driver. Until the driver's policy has been exhausted, no recourse may be had against the owner's policy.

In rejecting appellant's arguments, it must first be noted that this action is not one brought "against an owner on account of imputed negligence." Nor is the wrongful death action pending in Oregon against the owner of the vehicle. That action is solely against the driver, Trabert, for negligent operation of the vehicle. Secondly, the rights and liabilities of the two insurance companies involved in this action arise out of written contracts of insurance, not out of tort doctrines of negligence or imputed negligence. The fact that Western Supply Company, the owner of the vehicle, has contracted for greater insurance protection than might be necessary to satisfy any particular isolated legal liability cannot be used by its insurer as an escape from the bargained for protection. We therefore hold that the provisions of I.C. § 49–1404 have no applicability to this appeal.

In summary, this court holds that the district court properly applied Idaho law in the resolution of the instant case. The district court correctly ruled that there is no repugnancy between the other-insurance clauses of the policies and that the Royal Globe $100,000 policy and $1,000,000 policy afforded primary coverage and the Unigard $500,000 policy afforded secondary coverage. The judgment is therefore affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.