873 P.2d 979

**STATE FARM AUTOMOBILE INSURANCE COMPANY,
Plaintiff–Appellee,**

v.

**David OVITZ, a minor and Jack Ovitz, as next friend and guardian ad litem of David Ovitz, Defendants–Appellants.**

No. 21333.

Supreme Court of New Mexico.

April 14, 1994.

Duhigg, Cronin & Spring, P.A., John Duhigg and Helena Gorochow, Albuquerque, for appellants.

Miller, Stratvert, Torgerson & Schlenker, Jesus Salazar, Albuquerque, for appellee.

## OPINION

BACA, Justice.

Defendants–Appellants, David Ovitz and Jack Ovitz (the "Ovitzes"), appeal from a trial court order granting summary judgment in

favor of Plaintiff–Appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), and denying the Ovitzes' cross-motion for summary judgment. We address one issue on appeal: Whether the trial court erred when it concluded that the Ovitzes were not entitled to uninsured motorist benefits under their State Farm automobile liability insurance policy. We review this case pursuant to SCRA 1986, 12–102(A)(1) (Repl. Pamp.1992), and affirm.

## I.

This case arises out of an automobile accident that occurred in Hawaii between two rental cars. On August 9, 1990, David Ovitz was injured when the rental vehicle he was riding in, owned by Dollar Rent–A–Car ("Dollar"), collided with a vehicle owned by Thrifty Rent–A–Car ("Thrifty"). Due to the accident, David sustained injuries that resulted in medical expenses totalling approximately $4759.

Dollar, self-insured under Hawaii's insurance laws, paid all of David's medical expenses incurred in the accident. Hawaii, however, is a no-fault state. Under Hawaiian insurance law, tort liability arising from motor vehicle accidents occurring within the state has been abolished, Haw.Rev.Stat. § 431:10C–306(a) (1987), except when the accident results in death, Haw.Rev.Stat. § 431:10C–306(b)(1)(A) (1987), the injury is severe and permanent, see Haw.Rev.Stat. § 431:10C–306(b)(1)(B) & (C) (1987), medical expenses exceed statutorily-defined limits, Haw.Rev.Stat. § 431:10C–306(b)(2) (1987), or when the injury exhausts the aggregate limit of no-fault benefits, Haw.Rev.Stat. § 431:10C–306(b)(3) (1987). Because David's injuries did not fall within any of these statutorily-defined exceptions to the general abolition of tort liability, the Ovitzes were precluded from bringing a negligence action for noneconomic damages against Thrifty or Thrifty's employee, who was driving the Thrifty vehicle at the time of the accident. Consequently, the Ovitzes made a claim for uninsured motorist benefits under their State Farm automobile liability insurance policy.

On October 21, 1992, State Farm filed a complaint for declaratory relief, contending that the Ovitzes were not entitled to uninsured motorist benefits under the policy. State Farm requested that the trial court enter judgment declaring that the Ovitzes' policy did not provide uninsured motorist coverage for the damages arising from the Hawaiian automobile accident. The Ovitzes filed an answer to State Farm's complaint for declaratory relief on November 9, 1992. In essence, the Ovitzes asserted that because Hawaiian law prohibited suit for David's pain and suffering, the Thrifty employee was, from David's perspective, uninsured.

Both parties filed motions for summary judgment in February of 1993. After hearing arguments from both sides, the trial court concluded that (1) New Mexico law applied to determine whether the tortfeasor was uninsured, and (2) under New Mexico law, Thrifty and Thrifty's driver were not uninsured. The trial court granted State Farm's motion for summary judgment and denied the Ovitzes' motion. The judgment was memorialized in a written order filed on May 11, 1993. From this order, the Ovitzes appeal.

## II.

This appeal presents a single issue: Whether the trial court erred when it decided that the Ovitzes were not entitled to uninsured motorist benefits under their State Farm automobile liability insurance policy. In essence, the Ovitzes contend that we should adopt the minority view pronounced in *Samack v. Travelers Ins. Co.*, 111 Ill. App.3d 61, 66 Ill.Dec. 839, 443 N.E.2d 765 (Ct.1982). In *Samack*, a case similar to the case at bar, the plaintiff was injured in Florida when the automobile she was riding in was involved in an accident with another vehicle driven by a Florida motorist. Because the plaintiff's injuries and damages were not actionable under Florida's no-fault insurance statutes, she sued her own insurer for uninsured motorist benefits. The circuit court granted the defendant insurance company's motion to dismiss. The Appellate Court of Illinois reversed the dismissal of the plaintiff's complaint, finding that "although the car that struck [the plaintiff] was insured for certain purposes, as to [the] plaintiff in

the present case it was uninsured, thereby entitling [the] plaintiff to pursue the insurance proceeds of her own insurance policy for uninsured motorist coverage for which she contracted and paid premiums." 443 N.E.2d at 769. We decline to adopt the minority view of the Illinois court.

Under the policy of insurance that State Farm sold to the Ovitzes, State Farm agreed to "pay damages for bodily injury or property damage an insured is *legally entitled to collect* from the owner or the driver of an *uninsured motor vehicle.*" (Underline emphasis added; bold in original.) The policy comports with NMSA 1978, Section 66–5–301(A) (Repl.Pamp.1989), New Mexico's law requiring uninsured motorist insurance, which states:

> No motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person ... shall be delivered or issued for delivery in New Mexico ... unless coverage is provided ... in minimum limits for bodily injury or death ... up to the limits of liability specified in ... the insured's policy, for the protection of persons insured thereunder who are *legally entitled to recover* damages from owners or operators of uninsured motor vehicles....

(Emphasis added.) We hold that State Farm is not obligated to pay uninsured motorist benefits to the Ovitzes because David was not injured by an uninsured motorist and the Ovitzes were not "legally entitled to collect" noneconomic damages under Hawaii's no-fault insurance statutes.

### A.

■ The parties initially dispute whether we should apply New Mexico or Hawaiian law to this case. We conclude that in certain respects, the law of both states applies. It appears from the record that Ovitz and State Farm entered into the insurance contract in New Mexico. Thus, the law of New Mexico governs the interpretation of the contract. *See Eichel v. Goode, Inc.,* 101 N.M. 246, 250, 680 P.2d 627, 631 (Ct.App.1984). However, the rights and liabilities of persons injured in automobile accidents are determined under the laws of the state where the accident happened. *First Nat'l Bank v. Benson,* 89 N.M. 481, 553 P.2d 1288 (Ct.App.), *cert. denied,* 90 N.M. 7, 558 P.2d 619 (1976). Under this rule of law, reference must be made to the statutes of Hawaii to determine whether the Ovitzes are "legally entitled to collect" from Thrifty or Thrifty's employee, and thereby entitled to uninsured motorist benefits under the State Farm policy. *See State Farm Mut. Auto. Ins. Co. v. Crockett,* 103 Cal.App.3d 652, 163 Cal.Rptr. 206, 208 (Ct. App.1980); *Blais v. Aetna Casualty & Sur. Co.,* 526 A.2d 854, 856 (R.I.1987).

### B.

■ We first conclude that recovery of uninsured motorist benefits is barred because David was not injured by an uninsured vehicle. It is undisputed that Thrifty, the owner of the automobile that injured David, was self-insured under Hawaiian law. Hawaii requires a self-insured owner to provide "a surety bond, proof of qualifications as a self-insurer, or other securities affording security substantially equivalent to that afforded under a no-fault policy." Haw.Rev.Stat. § 431:10C–105(1) (1987). The minimum liability coverage for bodily injury required under a no-fault policy—the amount that Thrifty would need to qualify as a self-insurer—was $35,000. Haw.Rev.Stat. § 431:10C–301(b)(1) (1987). Thus, Thrifty was not only insured under Hawaiian law, but met the minimum bodily injury insurance coverage requirements under New Mexico law. *See* NMSA 1978, § 66–5–208(A) (Repl. Pamp.1989) (requiring automobile insurance coverage of $25,000 to cover "bodily injury to or death of one person in any one accident"). We are unpersuaded by the Ovitzes' argument that Thrifty was "uninsured" because under their circumstances noneconomic damages are not recoverable under Hawaiian law. It was not a lack of insurance on Thrifty's part that restricted the legal liability of Thrifty and its driver—rather it was the law of Hawaii that had that effect. *See Crossley v. Pacific Employers Ins. Co.,* 198 Neb. 26, 251 N.W.2d 383, 385 (1977); *Blais,* 526 A.2d at 857.

## C.

■ We also hold that State Farm was not required to pay benefits under the uninsured motorist provisions of the policy because the Ovitzes were not "legally entitled to collect" noneconomic damages. Motorists driving in Hawaii accept and abide by Hawaiian law as it pertains to accidents occurring in Hawaii. *Cf. Kurent v. Farmers Ins., Inc.*, 62 Ohio St.3d 242, 581 N.E.2d 533, 536 (1991). As the Supreme Court of Ohio noted:

> [An Ohio] motorist [traveling in Michigan] does not have the option, for example, of claiming that Ohio's speed limit or traffic laws govern simply because the motorist resides in Ohio. The notion that Ohio law somehow controls the amount of damages flowing from torts committed on Michigan highways is akin to a contention that a Michigan resident who commits murder in Ohio is exempt from the death penalty because Michigan does not recognize capital punishment.

*Id.*

In the instant case, Hawaii's automobile insurance laws in effect at the time David Ovitz was injured prevented the Ovitzes from filing suit for noneconomic damages. Consequently, under Hawaiian law, the Ovitzes are not "legally entitled to collect" such damages. Because the Ovitzes' insurance contract with State Farm requires that they be "legally entitled to collect" damages in order to receive benefits under the uninsured motorist provision, they cannot recover such benefits under the policy. *See Crockett*, 163 Cal.Rptr. at 209; *Crossley*, 251 N.W.2d at 386; *Kurent*, 581 N.E.2d at 536; *Blais*, 526 A.2d at 857.

■ Citing *Romero v. Dairyland Ins. Co.*, 111 N.M. 154, 156, 803 P.2d 243, 245 (1990), the Ovitzes argue that our uninsured motorist statute must be construed liberally to afford compensation for parties injured through no fault of their own, and that the statute's language "should be construed strictly to protect the insured." We agree that the purpose of Section 66–5–301 is to "protect individual members of the public against the hazard of culpable uninsured motorists." *Romero*, 111 N.M. at 156, 803 P.2d at 245. However, permitting recovery in this case would unduly expand the meaning of this principle. While it is important to protect the public from "irresponsible or impecunious drivers," uninsured motorist coverage is "not intended to provide coverage in every uncompensated situation." *Kurent*, 581 N.E.2d at 536. The Ovitzes' uninsured motorist coverage does not by its terms provide coverage "where [an] *insured* tortfeasor-motorist is immune from liability pursuant to statutory immunity." *Id.* We hold that the trial court correctly decided that the Ovitzes were not entitled to collect uninsured motorist benefits under their State Farm automobile liability insurance policy. The judgment of the trial court is AFFIRMED.

IT IS SO ORDERED.

RANSOM and FROST, JJ., concur.