1 P.3d 803

**Vanessa RYALS and Rasheed Ryals, By and Through Vanessa Ryals as natural mother and Guardian ad Litem, Plaintiffs–Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation licensed and authorized to do business in the State of Idaho, Defendant–Respondent.**

No. 24656.

Supreme Court of Idaho,
Boise, December 1999 Term.

May 11, 2000.

Harris Law Offices, Boise, for appellants. Jim C. Harris argued.

Anderson, Julian & Hull, LLP, Boise, for respondent. Robert A. Anderson argued.

TROUT, Chief Justice.

This is a breach of insurance contract case involving an appeal taken by Vanessa Ryals (Ryals) from a decision of the district judge. The district judge denied Ryals' uninsured motorist claim against Ryals' insurer, State Farm Mutual Automobile Insurance Company (State Farm), finding that there was no coverage under the uninsured motorist provisions of Ryals' policy. We affirm the district judge.

## I.

## BACKGROUND

Ryals was involved in an automobile accident with New York resident Ismet Djurkovic (Djurkovic) in New York City on October 1, 1995. At the time of the accident, Ryals was an Idaho resident and had an automobile insurance contract with State Farm which included an uninsured and underinsured motor vehicle provision. State Farm paid Ryals' medical bills pursuant to the medical payments provision of Ryals' policy. State Farm also paid personal injury protection benefits to Ryals in accordance with New York law.

Djurkovic was insured by Allstate Insurance Company (Allstate) at the time of the accident. Djurkovic's Allstate policy provided liability coverage of $100,000 per person and $300,000 per occurrence. Ryals submitted a claim to Allstate on February 3, 1997, and asserted various injuries. Allstate informed Ryals that no settlement would be offered because Ryals' claim for out-of-pocket expenses was precluded by New York's no-fault law and Ryals' claim for pain and suffering was not cognizable because Ryals did not seek immediate medical attention and missed only one week of work. Ryals then sought uninsured motorist benefits from State Farm. State Farm determined that the uninsured motorist provision in Ryals' policy was inapplicable because Ryals was not legally entitled to recover from Djurkovic under New York's no-fault law.

Ryals filed a declaratory judgment action on June 11, 1997, requesting a determination of her entitlement to uninsured motorist benefits from State Farm. The district judge entered a Final Judgment on April 2, 1998, finding that New York law applied to the interpretation of the State Farm policy and, because New York law prohibits recovery on claims for "non-serious injuries," Ryals was not entitled to recover. Ryals filed a Notice of Appeal on April 22, 1998.

## II.

## STANDARD OF REVIEW

The determination and application of the appropriate choice of law analysis is a question of law over which the Court exercises free review. *See Seubert Excavators, Inc. v. Anderson Logging Co.*, 126 Idaho 648, 651, 889 P.2d 82, 85 (1995). The Court's standard of review concerning a lower court's interpretation of an insurance contract depends on whether the contract was ambiguous. *DeLancey v. DeLancey*, 110 Idaho 63, 65, 714 P.2d 32, 34 (1986). Here, Ryals' State Farm insurance contract is not reasonably subject to conflicting interpretations and is therefore unambiguous. Interpretation of an unambiguous insurance contract is a question of law subject to free review. *DeLancey*, 110 Idaho at 65, 714 P.2d at 34.

## III.

## THE DISTRICT JUDGE DID NOT ERR IN DENYING RYALS' UNINSURED MOTORIST CLAIM.

### A. Doctrine of Reasonable Expectations

Ryals invites this Court to overrule precedent and adopt the doctrine of reasonable expectations. This result would preclude any further contract analysis as Ryals certainly expected to be covered while driving in New York. We decline the invitation. We have previously rejected the reasonable expectations doctrine in favor of traditional rules of contract construction. *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 508–09, 600 P.2d 1387, 1390–91 (1979). The traditional rules of contract construction avoid the danger of a court creating a new contract between the parties by relying on the notion of reasonable expectations. *Casey*, 100 Idaho at 509, 600 P.2d at 1391. We find no reason to revisit that holding.

### B. Choice of Laws

At the outset, we must address the question of which state's laws apply in interpreting Ryals' State Farm insurance contract. State Farm argues the choice of law question is actually a question of "legal entitlement" under the uninsured motorist provision in Ryals' policy and New York tort law controls this question. This case is not an action in tort, but rather a declaratory judg-

ment action involving interpretation of an insurance contract to determine the scope of coverage provided under Ryals' uninsured motorist policy provision. The "most significant relationship" test is applied to choice of law questions involving the interpretation and construction of contracts. *Unigard Ins. Group v. Royal Globe Ins. Co.,* 100 Idaho 123, 126, 594 P.2d 633, 636 (1979). Applying this test to the case at bar, the following factors and policy considerations support the conclusion that Idaho has the most significant relationship with the transaction and parties involved: (1) Ryals' State Farm insurance contract was negotiated and entered into in Idaho; (2) the contract has been predominantly performed in Idaho; (3) the location of Ryals' vehicle, the subject matter of the contract, is in Idaho; and (4) Ryals is an Idaho resident and domiciled in Idaho. The aggregation of factors supports the conclusion that Idaho has the most significant relationship with the transaction and the parties involved here. Idaho law will therefore be applied to interpret Ryals' State Farm insurance policy.

### C. Djurkovic was not an uninsured motorist.

The uninsured motorist provision in Ryals' State Farm policy provides in part:

> We will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle**. The **bodily injury** must be caused by accident arising out of the operation, maintenance or use of an **uninsured motor vehicle**.
> **Uninsured Motor Vehicle** means:
> 1. a land motor vehicle, the ownership, maintenance or use of which is:
> > a. not insured or bonded for bodily injury liability at the time of the accident;
> > or
> > b. insured or bonded for bodily injury liability at the time of the accident; but
> > (1) the limits of liability are less than required by the financial responsibility act of the state where **your car** is mainly garaged;

or

> (2) the insuring company denies coverage or is or becomes insolvent ...

Ryals first argues that New York's no-fault law, which precludes recovery for non-serious injuries, effectively rendered Djurkovic uninsured. Idaho courts have not had occasion to examine whether a foreign state's no-fault law renders a tortfeasor uninsured for purposes of uninsured motorist coverage and the question has been resolved differently among other jurisdictions.

A majority of courts have determined that the no-fault statutory framework in a foreign jurisdiction does not render a foreign tortfeasor uninsured under a claimant's uninsured motorist provision. The New Mexico Supreme Court, for example, determined that a foreign state's no-fault system does not cause a properly insured tortfeasor to become an uninsured motorist. *See State Farm Automobile Ins. Co., v. Ovitz,* 117 N.M. 547, 873 P.2d 979 (1994). In *Ovitz,* an insured resident of New Mexico, with uninsured motorist coverage, was injured in Hawaii in an accident with a vehicle owned by Thrifty Rent–A–Car. Hawaii's no-fault statute precluded Ovitz from bringing a negligence action for non-economic damages against Thrifty or Thrifty's employee who was driving the Thrifty vehicle at the time of the accident. Ovitz consequently made an uninsured motorist claim under his State Farm automobile liability insurance policy, arguing that because Hawaii law prohibited Ovitz' cause of action for pain and suffering, the Thrifty employee was uninsured. The New Mexico Supreme Court declined to adopt this view and held that because Thrifty's insurance met the minimum bodily injury insurance coverage requirements under New Mexico law and because uninsured motorist coverage is "not intended to provide coverage in every uncompensated situation," the tortfeasor was not an uninsured motorist by virtue of Hawaii's no-fault law. *Ovitz,* 873 P.2d at 982 (quoting *Kurent v. Farmers Ins., Inc.,* 62 Ohio St.3d 242, 581 N.E.2d 533, 536 (1991)).

The Nebraska Supreme Court reached a similar conclusion in *Crossley v. Pacific Employers Ins. Co.,* 198 Neb. 26, 251 N.W.2d

383 (1977). In *Crossley*, an insured resident of Nebraska with uninsured motorist coverage on his vehicle was injured in Colorado. Colorado, like New York, is a no-fault jurisdiction, and the insured's medical and related expenses fell far below the minimum required to file a tort claim in Colorado for general damages. The court concluded that the tortfeasor's automobile was not an uninsured motor vehicle, noting that had the accident occurred in Nebraska, the tortfeasor's automobile would have been deemed an insured vehicle. *Crossley*, 251 N.W.2d at 385–86.

California has also determined that a foreign state's no-fault system does not cause a properly insured tortfeasor to become an uninsured motorist. *See State Farm Mut. Auto. Ins. Co. v. Crockett*, 103 Cal.App.3d 652, 163 Cal.Rptr. 206 (Cal.Ct.App.1980). In *Crockett*, a California resident was involved in a collision in Hawaii and made an uninsured motorist claim in California. The court held that because the Hawaii vehicle was insured in accordance with California minimum coverage requirements, it was not an uninsured vehicle under California law. *Crockett*, 103 Cal.App. at 658, 284 P. 990.

The minority view was expressed in *Samack v. Travelers Ins. Co.*, 111 Ill.App.3d 61, 66 Ill.Dec. 839, 443 N.E.2d 765 (1982). In *Samack*, the plaintiff was involved in an accident in Florida with a Florida motorist. Because the plaintiff's injuries and damages were not actionable under Florida's no-fault insurance statutes, the plaintiff sued her insurer for uninsured motorist benefits. The Appellate Court of Illinois found that "although the car that struck [the plaintiff] was

insured for certain purposes, as to [the] plaintiff in the present case it was uninsured, thereby entitling [the] plaintiff to pursue the insurance proceeds of her own insurance policy for uninsured motorist coverage for which she contracted and paid premiums." *Samack*, 66 Ill.Dec. 839, 443 N.E.2d at 769. The court's holding in *Samack* has been criticized because nothing in the plaintiff's insurance policy nor in the circumstances of the accident deprived her of liability coverage for the accident.[1] In addition, the plaintiff's problem arose out of her inability to recover under Florida's no-fault statute and had no relationship with the insured or uninsured status of the Florida tortfeasor.

The Supreme Court of New Hampshire similarly concluded that a foreign jurisdiction's no-fault statute effectively rendered the tortfeasor uninsured for purposes of uninsured motorist coverage. *Green Mountain Ins. Co. v. George*, 138 N.H. 10, 634 A.2d 1011 (1993). In *Green Mountain*, the vehicle liability insurer sought a declaratory judgment concerning whether the uninsured motorist provision in a New Hampshire insurance policy applied to an accident in the no-fault state of Massachusetts. The court concluded that the Massachusetts no-fault statute rendered the tortfeasor uninsured because to hold otherwise would effectively create a no-fault law in New Hampshire. *Id.* *Green Mountain* is, however, distinguishable from the present case in that New Hampshire mandates uninsured motorist coverage in an amount not less than the amount of general liability insurance provided to the insured where Idaho does not. In addition,

---

1. In *Samack*, the Appellate Court of Illinois relied upon *Barnes v. Powell*, 49 Ill.2d 449, 275 N.E.2d 377 (1971). The court's reliance was misplaced as the facts in *Barnes* are readily distinguishable from those in *Samack*. In *Barnes*, the plaintiff was injured when the defendant drove the plaintiff's car, in which both were riding, off the road and into a rock. The plaintiff's car was insured but the defendant was uninsured. The plaintiff's insurance policy contained an uninsured motorist provision which provided that an "uninsured automobile" did not include "an insured automobile." The plaintiff's insurer denied liability based on this provision. The plaintiff argued that the defendant, as to her, was an uninsured motorist. The Illinois Su-

preme Court agreed and concluded that "[a]s to this particular plaintiff, because she was excluded from the liability coverage of the policy, the automobile was not an insured automobile and the driver was not an insured motorist." *Barnes*, 275 N.E.2d at 380. The Supreme Court further concluded that "[b]ecause no liability insurance was applicable to the plaintiff at the time of the accident, her uninsured motorist coverage necessarily became effective in light of the legislative mandate." *Id. Barnes* is thus factually distinguishable from *Samack*, and from the present case, in that the plaintiff in *Samack*, like Ryals, was not excluded from liability coverage under her policy. The Florida tortfeasor in *Samack* was therefore improperly deemed uninsured.

New Hampshire recognizes the reasonable expectations doctrine.

■ We adopt as better reasoned the majority view that a foreign jurisdiction's no-fault statute does not render a foreign tortfeasor uninsured. This result is most consistent with the purpose of Idaho's uninsured motorist statute which is to afford the same protection to a person injured by an uninsured motorist as would have been enjoyed had the tortfeasor carried liability insurance. *See Sloviaczek v. Estate of Puckett,* 98 Idaho 371, 378, 565 P.2d 564, 571 (1977). The minority view oversteps this purpose and would permit the recovery of uninsured motorist benefits under circumstances in which an injured person could not recover even if the tortfeasor carried liability insurance.

■ Ryals alternatively argues that Djurkovic drove an uninsured motor vehicle because Allstate denied coverage of Ryals' injuries. State Farm argues that Allstate did not deny coverage of Ryals' injuries but instead stated that no settlement would be offered because Ryals' claims were non-compensable. We agree. Allstate did not deny coverage of Ryals' injuries, but rather refused to tender a settlement offer because Ryals' claim for non-economic damages was precluded by New York's no-fault law. Ryals is therefore precluded from recovering uninsured motorist benefits because Djurkovic was not an uninsured motorist and Allstate did not deny coverage. In view of our determination that Djurkovic was not an uninsured motorist, we need not reach the second predicate of Ryals' uninsured motorist coverage concerning whether Ryals is legally entitled to recover from Djurkovic.

## IV.

### ATTORNEY FEES

■ Ryals requested attorney fees and costs on appeal but is not the prevailing party. State Farm also requested attorney fees and costs on appeal based on Ryals frivolously bringing this appeal. Ryals has, however, presented sufficient arguments and a legitimate question of law concerning interpretation of the State Farm insurance contract to render an award of attorney fees to State Farm inappropriate.

## V.

### CONCLUSION

The district judge's order denying Ryals' claim for uninsured motorist benefits is hereby affirmed. We award costs to Respondent.

Justices SILAK, WALTERS and KIDWELL concur.

Justice SCHROEDER, Concurring in the Result.

I concur in the result reached by the Court but would not base the decision solely on the determination that Djurkovic is insured. If Djurkovic is insured, Ryals cannot recover, as determined by the Court. If Djurkovic were treated as uninsured, Ryals still cannot recover under the terms of the State Farm uninsured motorist provision:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*

Even if Djurkovic were treated as uninsured, uninsured motorist benefits are only payable when the insured motorist, Ryals, is "legally entitled" to recover from the driver of an uninsured motor vehicle. "Legally entitled" means that an insured must be able to bring a claim against the driver of the uninsured vehicle. It must be possible to hold the uninsured motorist legally liable to the insured claimant before that claimant may seek uninsured motorist benefits under the State Farm policy. If an insured is not legally entitled to collect from the driver of an uninsured vehicle, uninsured motorist benefits are not payable. On the other hand, if the driver of the other vehicle is insured, the State Farm uninsured motorist provision is not applicable.

Under New York's no-fault laws, Djurkovic would not be legally liable to Ryals. Consequently, Ryals was not entitled to collect any amounts from Djurkovic. Under New York's

no-fault system, an individual involved in an automobile accident may not sue another party to that accident and collect for non-economic loss, except in the case of a "serious injury."

New York Insurance Law Section 5104 governs causes of action for personal injury that occur in New York and provides in pertinent part:

Causes of action for personal injury

(a) Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss. The owner, operator or occupant of a motorcycle which has in effect the financial security required by article six or eight of the vehicle and traffic law, or which is referred to in subdivision two of section three hundred twenty-one of such law, shall not be subject to an action by or on behalf of a covered person for recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

N.Y. Insurance Law, § 5104.

A "serious injury" is one that entails a:

significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such persons' usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Insurance Law, § 5102(d).

Absent a showing that Ryals' injuries exceed the threshold level of seriousness, Djurkovic is immune from suit. New York Insurance Law § 5104. In this case Ryals is not entitled to collect from Djurkovic, as an alleged uninsured motorist, unless the claim is for "serious injuries" under New York's no-fault law. Ryals does not claim more than non-serious personal injuries. Absent such a

claim, Ryals could not maintain an action against Djurkovic and could not collect any damages from him. It follows that since Ryals is not "legally entitled" to collect from Djurkovic, uninsured coverage is not applicable even if Djurkovic were treated as uninsured under Idaho law. The result is the same whether Djurkovic is insured or not.