GARY SIMMS, APPELLEE, V. VICORP
RESTAURANTS, INC., APPELLANT.

725 N.W.2d 406

Filed December 15, 2006.   No. S-05-827.

Christopher M. Ferdico, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellant.

Jamie Gaylene Scholz, of Shasteen & Scholz, P.C., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Gary Simms brought a loss of consortium claim against Vicorp Restaurants, Inc. (Vicorp). The county court for Lancaster County dismissed Simms' claim and entered summary judgment in favor of Vicorp. The district court for Lancaster County reversed the county court's decision, and Vicorp now appeals. We affirm.

## BACKGROUND

Simms' wife, Dianna Simms, was injured as a result of a slip-and-fall accident on December 20, 2000, at a Village Inn restaurant owned by Vicorp. Dianna settled her personal injury claim with Vicorp on April 5, 2004, and signed a document captioned "Release of All Claims." Simms was aware of Dianna's settlement and her release of claims, but did not sign or otherwise join in the release. Simms did not assign his loss of consortium claim to Dianna and did not release his separate claim. After Dianna signed her release, Simms brought the present claim for loss of consortium against Vicorp. Vicorp filed a motion for summary judgment, which was granted by the county court. The county court's reasoning is not in the record before this court.

Simms appealed the county court's decision, and the district court reversed. In its order, the district court determined that Simms' claim was not barred as a result of the settlement and release of Dianna's claim. Vicorp now appeals the decision of the district court.

## ASSIGNMENTS OF ERROR

Vicorp assigns that the district court erred in (1) reversing the order of summary judgment in favor of Vicorp; (2) failing to apply the applicable rule from *Johnston v. State*, 219 Neb. 457, 364 N.W.2d 1 (1985); (3) interpreting *Johnston*; and (4) declining to require that Simms must have commenced his purely derivative loss of consortium claim prior to the extinguishment of the primary claim.

## STANDARD OF REVIEW

When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Crouse v. Pioneer Irr. Dist.,* ante p. 276, 719 N.W.2d 722 (2006); *Dutton-Lainson Co. v. Continental Ins. Co.,* 271 Neb. 810, 716 N.W.2d 87 (2006).

## ANALYSIS

The question presented by this appeal is whether a husband's loss of consortium claim is barred when the injured wife signs her individual release and settles with the tort-feasor. Vicorp argues that Dianna's release bars Simms' claim for loss of consortium. We disagree.

Vicorp relies on this court's opinion in *Johnston v. State, supra,* wherein we held in a workers' compensation case that the spouse of an injured employee could not maintain an independent cause of action for loss of consortium. In *Johnston,* the injured employee sought recovery for injuries sustained as a result of consuming an industrial cleaning product, and the spouse sought recovery for his loss of consortium. We determined on appeal that the injured employee's exclusive remedy was provided under the Nebraska Workmen's Compensation Act. In accordance with Neb. Rev. Stat. § 48-148 (Reissue 1984), we held that the district court lacked jurisdiction to adjudicate the spouse's loss of consortium claim. We reasoned that states addressing the issue of whether a spouse may maintain a separate action against the employee-spouse's employer for losses "have generally held that if the employee-spouse's right of recovery must be brought under the state workmen's compensation law or not at all, the nonemployee spouse may not impose liability upon the employer." 219 Neb. at 463-64, 364

N.W.2d at 5. *Johnston* is factually distinguishable from the present case and is not controlling of our determination of the issue presented here.

In this case, Dianna had an alleged cause of action against Vicorp for injuries sustained in her fall and, unlike the injured spouse in *Johnston*, was not prohibited from bringing that claim in the district court. Under the general rule, Simms could ordinarily bring a claim for loss of consortium in the district court. The question in this case, however, is, Does Dianna's release of liability change the general rule? We conclude that it does not.

We have not previously considered whether a spouse may maintain a loss of consortium claim against a defendant when the injured spouse has released his or her claim. Courts in other jurisdictions have had occasion to do so and have generally held that a spouse may maintain a loss of consortium claim.

In *Huffer v. Kozitza*, 375 N.W.2d 480 (Minn. 1985), the Minnesota Supreme Court held that a spouse's loss of consortium claim was not barred where the injured spouse settled his claim and signed a general release before the spouse commenced her derivative claim for loss of consortium. The *Huffer* court explained, "We think claimants and defendants, in their settlement negotiations, should be left to protect themselves from duplication of damages for loss of consortium. Consequently, [the injured spouse], by releasing his personal injury claim, did not release his wife's consortium claim." 375 N.W.2d at 482.

The Wisconsin Supreme Court similarly held that an exculpatory contract entered into prior to injury, which released a defendant from liability, did not defeat the spouse's right to recover for loss of consortium. See *Arnold v. Shawano County Agr. Society*, 111 Wis. 2d 203, 330 N.W.2d 773 (1983), *overruled on other grounds, Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 401 N.W.2d 816 (1987). Despite the derivative nature of the claim, see *Peeples v. Sargent*, 77 Wis. 2d 612, 253 N.W.2d 459 (1977), the court in *Arnold v. Shawano County Agr. Society* stated that "an action for consortium occasioned by a spouse's injury is a separate cause of action which never belonged to the other spouse," 111 Wis. 2d at 214, 330 N.W.2d at 779.

The Ohio Supreme Court reached a similar decision in *Bowen v. Kil-Kare, Inc.*, 63 Ohio St. 3d 84, 585 N.E.2d 384 (1992). In

*Bowen*, the court noted that a spouse's consortium claim is his or her separate, independent claim, which cannot be released by the injured spouse. See, also, the following cases wherein the respective courts found that a release executed by an injured party does not bar his or her spouse's claim for loss of consortium: *Nealy v. Fluor Drilling Services, Inc.*, 524 F. Supp. 789 (W.D. La. 1981); *Fleischman v. Harwood*, 10 F.R.D. 139 (S.D.N.Y. 1950); *Ryter v. Brennan*, 291 So. 2d 55 (Fla. App. 1974), *cert. denied* 297 So. 2d 836 (Fla.); *Rosander v. Copco Steel & Engineering Co.*, 429 N.E.2d 990 (Ind. App. 1982); *Shepherd v. Consumers Cooperative Association*, 384 S.W.2d 635 (Mo. 1964); *Buttermore v. Aliquippa Hosp.*, 522 Pa. 325, 561 A.2d 733 (1989); and *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex. 1978). We agree with the reasoning of these cases.

We have described damages for loss of consortium as representing compensation for a spouse who has been deprived of rights to which he or she is entitled because of the marriage relationship, namely, the other spouse's affection, companionship, comfort, and assistance and particularly his or her conjugal society. *Carlson v. Okerstrom*, 267 Neb. 397, 675 N.W.2d 89 (2004). Although a loss of consortium claim derives from the harm suffered by the injured spouse, see *Johnston v. State*, 219 Neb. 457, 364 N.W.2d 1 (1985), it remains a personal legal claim which is separate and distinct from those claims belonging to the injured spouse, see *Bowen v. Kil-Kare, Inc., supra*. As explained by the Missouri Court of Appeals,

> [w]hen a married person is injured, two causes of action arise: one accrues to the injured person for the injuries suffered directly by him or her, and the other accrues to the injured person's spouse for damages suffered as a result of the loss of the injured person's services, society, companionship, and sexual relations (loss of consortium).

*O'Neal v. Agee*, 8 S.W.3d 238, 242 (Mo. App. 1999).

In this case, Dianna entered into a settlement with Vicorp for injuries she sustained as a result of her fall. Her settlement and subsequent release were executed only by her. There is no evidence in the record that Dianna's release was a release of the claims of her husband, Simms, arising out of her injury or that she had authority to release such claims. We find, therefore, that

Dianna's release does not bar Simms' independent claim for loss of consortium.

## CONCLUSION

We affirm the decision of the district court.

AFFIRMED.

HEAVICAN, C.J., not participating.