COREY BRETT HEINZE, APPELLANT, V.
TAYLOR HEINZE, APPELLEE.
742 N.W.2d 465

Filed December 7, 2007.    No. S-06-722.

Vincent M. Powers, of Vincent M. Powers & Associates, and Steven B. Fillman, of Fillman Law Offices, for appellant.

Timothy J. Thalken and Rex A. Rezac, of Fraser Stryker, P.C., L.L.O., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

While riding in an automobile driven by his wife, Corey Brett Heinze was injured in an accident in Colorado. Corey and his wife, Taylor Heinze, were residents of York, Nebraska, and Corey sued Taylor in the York County District Court for damages as a result of the accident. The court concluded that Nebraska's guest statute barred Corey's action and granted summary judgment in favor of Taylor. Corey timely appealed. The issue is whether Nebraska or Colorado law applies to the accident above described.

## SCOPE OF REVIEW

■ When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *State ex rel. Wagner v. Amwest Surety Ins. Co.,* ante p. 110, 738 N.W.2d 805 (2007).

## FACTS

In December 2002, Corey and Taylor traveled to Colorado to visit Taylor's family. On December 22, Corey rode as a passenger when Taylor drove her mother's automobile to the Denver airport to pick up other family members. She hit loose gravel on the shoulder of an off ramp and lost control of the automobile, which rolled into a ditch. Corey was ejected, and he sustained injuries to his head, spine, spleen, and right wrist.

When Corey sued Taylor, he alleged that the laws of Colorado applied because the accident occurred in the State of Colorado. Taylor alleged that the action was barred by Nebraska's guest statute, Neb. Rev. Stat. § 25-21,237 (Reissue 1995), because Corey and Taylor were married at the time of the accident. They were divorced in December 2004.

The district court concluded that Nebraska law applied because Nebraska had a more significant relationship to the parties under the guest statute and was the jurisdiction in which the relationship between the parties was centered. Thus, the court determined that § 25-21,237 barred Corey's claim. The

district court found that there were no genuine issues of material fact and that Taylor was entitled to judgment as a matter of law. It dismissed the cause with prejudice and taxed the costs to Corey.

## ASSIGNMENTS OF ERROR

Corey assigns the following errors: The district court erred (1) in applying the law of Nebraska to an accident that occurred in Colorado; (2) in ignoring Nebraska precedent and applying the Restatement (Second) of Conflict of Laws in determining that Colorado law did not apply to the facts of this case; (3) in applying the Restatement (Second) of Conflict of Laws § 169 (1971); (4) in determining that Nebraska, rather than Colorado, had more significant contacts with the occurrence and the parties; and (5) in entering summary judgment in favor of Taylor and dismissing Corey's complaint.

## ANALYSIS

The issue for our determination is whether Nebraska's guest statute should be applied to an accident involving Nebraska residents that occurred in Colorado. The district court concluded that Nebraska law should be applied and that our guest statute barred Corey's recovery.

The first step in a conflict-of-law analysis is to determine whether there is an actual conflict between the legal rules of different states. *Johnson v. United States Fidelity & Guar. Co.*, 269 Neb. 731, 696 N.W.2d 431 (2005). An actual conflict exists when a legal issue is resolved differently under the law of two states. *Id.* A conflict-of-law issue is presented in this case because Nebraska has a guest statute, § 25-21,237, and Colorado has repealed its guest statute, see *White v. Hansen*, 837 P.2d 1229 (Colo. 1992).

The Nebraska guest statute provides in relevant part:

> The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person related to such owner or operator as spouse or within the second degree of consanguinity or affinity who is riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by (1) the driver of such

motor vehicle being under the influence of intoxicating liquor or (2) the gross negligence of the owner or operator in the operation of such motor vehicle.

§ 25-21,237.

■ When there are no factual disputes regarding state contacts, conflict-of-law issues present questions of law. *Johnson, supra.* When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *State ex rel. Wagner v. Amwest Surety Ins. Co., ante* p. 110, 738 N.W.2d 805 (2007). In this case, there are no factual disputes. The parties agree that Corey and Taylor were residents of Nebraska, that the accident occurred in Colorado, and that the automobile involved was owned by a Colorado resident and licensed in Colorado.

This court has not specifically determined whether Nebraska's guest statute should be applied when a motor vehicle accident has occurred in another state involving Nebraska residents who are within the degree of consanguinity set forth in § 25-21,237. We have, however, considered cases that raised a conflict-of-law question in other contexts and in which the guest statute was not implicated.

In *Crossley v. Pacific Employers Ins. Co.*, 198 Neb. 26, 251 N.W.2d 383 (1977), *disapproved on other grounds, Johnson, supra*, the passenger (a resident of Nebraska) brought an action in Nebraska for personal injuries that resulted from an automobile accident which occurred in Colorado in an automobile owned and driven by the passenger's stepson. The passenger argued that he should be entitled to recover from the Colorado driver as though the tort liability law of Nebraska applied to the accident in Colorado and that if he could not do so, then he should be allowed to recover under the uninsured motorist coverage of his own automobile insurance policy.

We cited the Restatement (Second) of Conflict of Laws § 146, comment *d.* (1971), and stated that "in virtually all instances where the conduct and the injury occur in the same state, that state has the dominant interest in regulating that conduct and in determining whether it is tortious in character, and whether the interest affected is entitled to legal protection." *Crossley*, 198 Neb. at 30, 251 N.W.2d at 386. The basis of the cause in

*Crossley* was an insurance contract rather than an action in tort. This court was asked to determine which state's laws would be applied to determine insurance coverage.

In another insurance case, the action again arose from a motor vehicle accident that occurred in Colorado involving a Nebraska resident. *Johnson v. United States Fidelity & Guar. Co.*, 269 Neb. 731, 696 N.W.2d 431 (2005). The injured driver sought additional benefits from his insurer and the insurer of the car he was driving. In addressing the conflict of law between Nebraska and Colorado relating to uninsured motorist benefits, we reaffirmed the holding in *Crossley* that under the Restatement, *supra*, § 146, Colorado's no-fault law governed the threshold issue of the tort-feasor's liability.

The significance of *Crossley* and *Johnson* as they are applied to the case at bar is that this court recognized the application of § 146 to resolve conflict of laws involving tort liability.

The Restatement provides:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, *unless, with respect to the particular issue, some other state has a more significant relationship* under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

§ 146 at 430 (emphasis supplied).

Thus, under the Restatement, the law of the site of the injury is usually applied to determine liability, except where another state has a more significant relationship on a particular issue. The fact that Nebraska has a guest statute provides this state with a more significant relationship to the parties when they are residents of Nebraska.

This court applied the Restatement's more-significant-relationship test to a tort case in *Malena v. Marriott International*, 264 Neb. 759, 651 N.W.2d 850 (2002). A hotel patron from Nebraska was stuck by a needle in a California hotel room. An action was brought in Nebraska by the Nebraska resident. The defendant alleged the case was governed by the substantive law of California. The action centered around parasitic damages for fear of contracting a disease. The trial court determined that

any damage attributable to the fear of contracting a disease was controlled by Nebraska law.

We stated: "In choice-of-law determinations for personal injury claims, we have adopted Restatement (Second) of Conflict of Laws § 146 (1971)." *Malena*, 264 Neb. at 766, 651 N.W.2d at 856. We noted that § 146 is the starting point for any choice-of-law analysis and that under § 146, the presumption is that the local law of the state where the injury occurred determines the rights and liabilities of the parties *unless some other state has a more significant relationship to the parties and the occurrence with respect to a particular issue.* We concluded that in that case, California had the more significant relationship to the parties and the occurrence because the injury occurred there, the conduct causing the injury occurred there, the defendant's place of business was there, and the relationship between the parties was there. The only contact with Nebraska was the domicile of the hotel patron. Again, the guest statute was not implicated.

The Restatement (Second) of Conflict of Laws § 145 (1971) sets forth the "'most significant relationship'" test used for determining the applicable law for specific tort claim issues. See *Malena*, 264 Neb. at 767, 651 N.W.2d at 856.

Section 145 at 414 states:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

The Restatement notes that in cases involving a guest passenger, the local law of the common domicile may be applied:

> [T]he circumstances under which a guest passenger has a right of action against the driver of an automobile for injuries suffered as a result of the latter's negligence may be determined by the local law of their common domicil[e], if at least this is the state from which they departed on their trip and that to which they intended to return, rather than by the local law of the state where the injury occurred.

§ 145, comment *d.* at 418.

Following this approach, the record supports a conclusion that Nebraska law should apply in this case. Corey and Taylor were both residents of Nebraska at the time of the accident. Their trip to Colorado began in Nebraska and was intended to end in Nebraska. They lived and worked in Nebraska, and their relationship was centered in Nebraska at the time. The parties were married at the time of the accident. Thus, this state's law should govern whether Corey may recover for his injuries.

Although a guest statute is distinct from a statute providing immunity for family members, the Restatement (Second) of Conflict of Laws § 169 at 506 (1971) provides additional guidance: "(1) The law selected by application of the rule of § 145 determines whether one member of a family is immune from tort liability to another member of the family. (2) The applicable law will usually be the local law of the state of the parties' domicil[e]."

The Restatement provides a rationale for cases involving family members:

> *b. Rationale.* An immunity from tort liability is commonly possessed in varying circumstances by one spouse against the other spouse and by a parent against a minor child. Reasons frequently advanced to explain the existence of such immunity are the common law doctrine of the legal identity of the spouses, the desire to foster and preserve marital harmony and parental discipline, and the desire to protect insurance companies from false claims. Whatever

the true explanation, the state of the parties' domicil[e] will almost always be the state of dominant interest, and, if so, its local law should be applied to determine whether there is immunity in the particular case.

§ 169, comment *b*. at 506-07.

Section 169 suggests that in cases involving family members, the state where the parties are domiciled has a more significant relationship to the action and will govern over the law of the state where the tort occurred. We agree.

The contacts identified in the Restatement (Second) of Conflict of Laws § 145 (1971) include the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile or residence of the parties, and the place where the relationship, if any, between the parties is centered. Section 145 advises that the contacts are to be evaluated according to their relative importance. It does not suggest that each contact should be weighed evenly.

The district court found that Nebraska law applied because this state had a more significant relationship to the parties under the guest statute and Nebraska was the jurisdiction in which the relationship between the parties was centered. The court concluded that under § 25-21,237, Corey's claim was barred. By enacting the guest statute, the Legislature evidenced a concern about the possibility of fraud and collusion between related parties involved in tort actions. See *Le v. Lautrup*, 271 Neb. 931, 716 N.W.2d 713 (2006). The law of the state where that relationship is centered should govern the rights of the parties in this case.

At the time of the accident resulting in Corey's injuries, Corey and Taylor were married and living in York, Nebraska. Their common domicile was Nebraska at the time the lawsuit was filed. The trip to Colorado began in Nebraska and was intended to end in Nebraska. The relationship of the parties was centered in Nebraska, and this state has the most significant relationship to the parties. Nebraska's guest statute should apply.

The district court sustained Taylor's motion for summary judgment. Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be

drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Papillion Rural Fire Prot. Dist. v. City of Bellevue, ante* p. 214, 739 N.W.2d 162 (2007). The lower court was correct in concluding that Corey's negligence claim against Taylor, his wife, was barred by the guest statute.

CONCLUSION
The judgment of the district court is affirmed.

AFFIRMED.

GERRARD, J., concurring.

I continue to believe that the Nebraska guest statute, Neb. Rev. Stat. § 25-21,237 (Reissue 1995), violates the equal protection clause of the Nebraska Constitution. See *Le v. Lautrup*, 271 Neb. 931, 716 N.W.2d 713 (2006) (Gerrard, J., dissenting). But there has not been a constitutional question raised in this case, and I agree with the majority's analysis of the questions presented. On that basis, I concur in the opinion of the court.

McCORMACK, J., joins in this concurrence.