767 N.W.2d 765 (2009)
278 Neb. 18
Shari ERICKSON and George Erickson, Appellants,
v.
U-HAUL INTERNATIONAL, doing business as U-Haul Company, a corporate defendant, and U-Haul Center of N.W. Omaha, Appellees.
No. S-08-759.
Supreme Court of Nebraska.
July 2, 2009.
*769 P. Shawn McCann, of Sodoro, Daly & Sodoro, P.C., Omaha, for appellants.
Ronald F. Krause, of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, and K. Lee Marshall and Stephen G. Strauss, of Bryan Cave, L.L.P., St. Louis, MO, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
This is the second time this case has come before us.[1] It remains a case about a moving day accident. Dale and Judith Carstens were moving from Walnut, Iowa, to Herman, Nebraska, and had enlisted the help of their daughter, Shari Erickson. To facilitate the move, Judith rented a U-Haul truck. While operating the truck, Dale accidentally pinned Shari's foot between the truck's ramp and a concrete step. As a result of the accident, Shari and her husband, George Erickson, sued U-Haul International, Inc.; U-Haul Center of N.W. Omaha (U-Haul Center); and Dale. The district court granted the defendants' motion for partial summary judgment as to the plaintiffs' statutory liability claims and directed a verdict against George's loss of consortium claim. The jury returned a verdict in favor of the defendants on the plaintiffs' remaining negligence claims.
The plaintiffs appeal, arguing that the court should not have entered judgment on their statutory liability and loss of consortium claims and that the court erred in excluding certain photographic evidence at trial. We affirm.

FACTS
Shari's mother, Judith, rented the truck from U-Haul Center, a Nebraska corporation, to move from Iowa to Nebraska. The truck, known as a 17-foot easy-loading mover, was titled in the name of "U Haul Co." Shari, a resident of Nebraska, agreed to help her parents move. While operating the truck in Iowa, Shari's father, Dale, attempted to back it up to a porch, but the loading ramp was a few inches short of the top step. Shari held the ramp up while Dale attempted to reverse the truck a few more inches. When the truck was engaged, however, it first jumped forward, throwing Shari off balance, and as Dale backed up the truck, it pinned Shari's foot between the concrete step and the truck's ramp. As a result of the injury, Shari had reconstructive surgery on her foot and was hospitalized for approximately 3 weeks.
Shari and George sued U-Haul International, U-Haul Center, and Dale for negligence. Dale has since died, and his estate is no longer a party. The Ericksons also brought claims against U-Haul International for vicarious liability and statutory negligence pursuant to Neb.Rev.Stat. *770 § 25-21,239 (Reissue 2008) or, in the alternative, Iowa Code Ann. § 321.493 (West Cum. Supp. 2008). The district court had previously entered summary judgment in favor of U-Haul International and U-Haul Center, based, respectively, on a lack of tort duty and insufficient minimum contacts with the State of Nebraska. On appeal, we reversed both findings and remanded the cause for trial.[2]
Before trial, U-Haul International filed a motion for partial summary judgment as to the statutory negligence cause of action. After a hearing, the district court granted U-Haul International's motion for partial summary judgment, concluding that U-Haul International was not statutorily negligent because it was not the owner of the truck. The district court did not resolve the issue of whether Nebraska or Iowa law applied, but determined that Erickson could not prevail under the relevant statutes of either state.
A jury trial was held to determine the negligence claims against U-Haul International and U-Haul Center. Judith testified that she did not see any legible warning decals on the truck instructing that the ramp should not be extended while the truck was in motion. The Ericksons also introduced a number of exhibits, including exhibits 30 and 31, which were photographs of a standard U-Haul truck bumper displaying a warning decal. The general manager of the U-Haul Center identified exhibit 30 as "the warning decal above the ramp" and exhibit 31 as a "little bit sharper view of Exhibit No. 30." He testified that both exhibits were photographs of a U-Haul truck, but not the truck in question. Instead, the truck pictured in exhibits 30 and 31 was a different truck, with a different ramp, than the truck which was involved in the accident.
U-Haul objected to the exhibits on foundation and relevance grounds. In response, the Ericksons' counsel argued that although the exhibits were "not probative of at the time of the accident how the particular truck was," the exhibits were "probative of the fact that U-Haul has ramps with defective stickers on them and labels that haven't been replaced." But the district court sustained the foundation and relevance objections.
The district court received into evidence, however, a color copy of the U-Haul ramp warning decal depicted in exhibits 30 and 31. The warning sticker below the latch to the truck's rear door states, "DANGER DO NOT extend or hold ramp while vehicle is in motion. Failure to follow this warning could result in serious or fatal injury." (Emphasis in original.) The district court also received into evidence copies of photographs of the actual truck, including photographs of the truck's bumper with a warning decal affixed.
U-Haul Center's shop manager testified that the truck, at all times and including the day of the accident, had an empty vehicle weight of 8,140 pounds. In addition, the assistant corporate secretary of U-Haul International testified that with each rental of a truck, such as the truck here, an insurance policy is included, providing coverage for at least the minimum financial limits for the state where the vehicle is rented.
George did not attend trial and did not testify regarding any alleged loss of consortium. Shari, however, testified that the accident affected her intimacy and relationship with George. She testified that since the accident, her husband "probably has to do more chores" and he "takes it personally" if they sleep in separate bedrooms. At the close of the Ericksons' *771 evidence, the district court sustained U-Haul International's motion for a directed verdict on the loss of consortium claim.
The jury returned a verdict in favor of U-Haul International and U-Haul Center, upon which the court entered judgment. The Ericksons appeal.

ASSIGNMENTS OF ERROR
The Ericksons assign, restated and renumbered, that the district court erred in (1) granting U-Haul International's motion for partial summary judgment dismissing the statutory liability claim against U-Haul International; (2) dismissing, on a directed verdict, George's loss of consortium claim; and (3) excluding photographic evidence of the warning label affixed to a U-Haul loading ramp.

STANDARD OF REVIEW
Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[3] In reviewing summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence.[4]
When there are no factual disputes regarding state contacts, conflict-of-law issues present questions of law.[5] The meaning of a statute is also a question of law.[6] When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[7]
When the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion.[8] A trial court's determination of the relevancy and admissibility of evidence must be upheld in the absence of abuse of discretion.[9]

ANALYSIS

STATUTORY LIABILITY
In their first assignment of error, the Ericksons contend that the district court erred in granting partial summary judgment on their statutory liability claims. The Ericksons argue that pursuant to Nebraska's § 25-21,239, U-Haul International, as owner of the truck, is jointly and severally liable for damages to the Ericksons. Alternatively, the Ericksons argue, U-Haul International is vicariously liable for Dale's negligence pursuant to Iowa's § 321.493. The district court found that U-Haul International was not the owner of the truck and, therefore, was not statutorily negligent under either the Nebraska or Iowa statute.
*772 Before addressing U-Haul International's potential statutory liability, we should first determine which state's law governs: Nebraska or Iowa. In answering any choice-of-law question, the court first asks whether there is any real conflict between the laws of the states.[10] An actual conflict exists when a legal issue is resolved differently under the law of two states.[11] Nebraska's § 25-21,239 imposes statutory liability on owners of trucks in certain situations for damages caused by operation of the truck. Section 25-21,239 states:
The owner of any truck ... leased for a period of less than thirty days or leased for any period of time and used for commercial purposes, shall be jointly and severally liable with the lessee and the operator thereof for any injury to or the death of any person or persons, or damage to or the destruction of any property resulting from the operation thereof in this state....
Iowa's § 321.493 also imposes statutory liability upon the owner of a leased vehicle in certain situations. Section 321.493 provides:
1. a. Subject to paragraph "b", in all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage. For purposes of this subsection, "owner" means the person to whom the certificate of title for the vehicle has been issued or assigned....
b. The owner of a vehicle with a gross vehicle weight rating of seven thousand five hundred pounds or more who rents the vehicle for less than a year under an agreement which requires an insurance policy covering at least the minimum levels of financial responsibility prescribed by law, shall not be deemed to be the owner of the vehicle for the purpose of determining financial responsibility for the operation of the vehicle or for the acts of the operator in connection with the vehicle's operation.
After reviewing the Nebraska and Iowa statutes, we conclude that an actual conflict exists. Although both Nebraska statute § 25-21,239 and Iowa statute § 321.493 impose statutory liability upon the owner of a leased vehicle for the negligent operation of the vehicle, liability is resolved differently under each law. Specifically, Iowa's § 321.493(1)(b) provides that the owner of a vehicle shall not be statutorily liable for the acts of one who rents the vehicle for a short term, when the vehicle has a gross weight rating of 7,500 pounds or more. Another notable difference between the two statutes is that the Nebraska statute, unlike the Iowa statute, provides that the owner of the truck shall be jointly and severally liable for damages resulting from the operation of the truck only within the State of Nebraska.
Given that the potential statutory liability of U-Haul International would be resolved differently under the two statutes, we carry out a choice-of-law analysis. In choice-of-law determinations, we often seek guidance from the Restatement (Second) of Conflict of Laws.[12] Under the Restatement, the "most significant relationship" test is used to determine the applicable *773 law for specific tort claim issues.[13] Section 145(2) of the Restatement provides the contacts that a court should consider when determining which state has the most significant relationship to the parties and the occurrence under general conflict-of-law principles. The contacts under § 145(2) are:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.[14]
Under the Restatement, the law of the site of the injury is usually applied to determine liability, except where another state has a more significant relationship on a particular issue.[15] The Restatement notes that in certain circumstances, vicarious liability "may also be imposed by application of the local law of some state other than that of conduct and injury."[16] In particular, vicarious liability may be imposed under the local law of the state where the relationship between the one sought to be held liable and the tort-feasor is centered.[17] Application of the local law of that state to impose vicarious liability is particularly likely if that state has some relationship to the injured plaintiff.[18] In our case, as in illustration 6 of § 174 of the Restatement, Judith rented the truck in Nebraska from the U-Haul Center, a Nebraska corporation. Judith and Dale then drove to Iowa where they met Shari, a resident of Nebraska. While in Iowa, Dale accidentally caused injury to Shari. Although the injury occurred in Iowa, the facts that the Ericksons were residents of Nebraska and that the U-Haul rental agreement was signed in Nebraska provide this state with a significantly greater relationship to the parties. Thus, we conclude that Nebraska law governs the determination of liability in the present case.
The Ericksons contend that the district court erred in granting partial summary judgment because U-Haul International, as the owner of the truck, was liable. The Ericksons argue that the certificate of title, which shows the owner of the truck as "U Haul Co.," creates an issue of fact as to whether U-Haul International was the owner of the truck. Whether U-Haul International was the owner of the truck, however, is irrelevant.
Under § 25-21,239, U-Haul International is not liable, because § 25-21,239 only creates liability for injuries or damage "resulting from the operation thereof in this state." It is undisputed that Shari's injury occurred while Dale operated the truck in Iowa. Shari's injury did not result from the operation of the truck within Nebraska, and therefore, § 25-21,239 does not apply.
We further note that even though Nebraska law is clearly applicable here, under these circumstances, U-Haul International would not be liable under Iowa law either. Based on § 321.493, an owner of a vehicle is not statutorily liable for the *774 acts of one who rents the vehicle for less than 1 year, when the vehicle has a "gross vehicle weight rating of seven thousand five hundred pounds or more." Therefore, even if the Iowa statute applied and U-Haul International was the owner of the truck, it would not be statutorily liable under § 321.493, because the truck weighed more than 7,500 pounds and it was rented for less than a year under an agreement which required an insurance policy covering the minimum level of financial responsibility.
Considering the evidence in a light most favorable to the Ericksons, we conclude that regardless of the ownership of the truck, U-Haul International is not statutorily liable under Nebraska's § 25-21,239. Accordingly, we conclude, albeit for different reasons, that the district court did not err in granting partial summary judgment to U-Haul International.

LOSS OF CONSORTIUM CLAIM
In their second assignment of error, the Ericksons argue that the district court erred when it dismissed, on a directed verdict, George's loss of consortium claim. Damages for loss of consortium represent compensation for a spouse who has been deprived of rights to which he or she is entitled because of the marriage relationship, namely, the other spouse's affection, companionship, and assistance and particularly his or her conjugal society.[19] Although loss of consortium is a personal legal claim which is separate and distinct from those claims belonging to the injured spouse,[20] a loss of consortium claim derives from the harm suffered by the injured spouse.[21] The rights of recovery by the uninjured spouse are based upon the injured spouse's right to recover for direct injuries.[22] Not only must there be an injury to the injured spouse, but also there must be a compensable injury, that is, an injury for which the defendant is liable.[23]
In this case, George's recovery for a loss of consortium claim is dependent upon the success of Shari's underlying tort claim. Because George's right to recover for loss of consortium is derivative of his wife's claim, and she did not recover, he likewise cannot recover.

EXHIBITS 30 AND 31
In the final assignment of error, the Ericksons contend that the trial court abused its discretion when it excluded exhibits 30 and 31, photographs of a U-Haul truck ramp with an illegible warning decal on it. The district court excluded them as irrelevant.
Evidence which is not relevant is not admissible.[24] Relevant evidence is that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[25] Here, the issue before the district court was whether U-Haul International breached a duty of care to Shari by leasing a truck with inadequate warnings or failing to provide instructions regarding the use and operation of the loading ramp. Exhibits 30 and 31 depict the condition of a warning decal on a truck not involved in the accident and are not of consequence to the legal determination in *775 this case. Such evidence is not probative as to whether U-Haul International breached a duty of care to Shari. Moreover, the district court received into evidence a color copy of the U-Haul ramp warning decal depicted in exhibits 30 and 31 and copies of photographs of the actual truck, including photographs of the truck's bumper with a warning decal affixed. There was no abuse of discretion by the district court in excluding exhibits 30 and 31 at trial.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court in all respects.
Affirmed.
NOTES
[1] See Erickson v. U-Haul Internat., 274 Neb. 236, 738 N.W.2d 453 (2007).
[2] See id.
[3] Thone v. Regional West Med. Ctr., 275 Neb. 238, 745 N.W.2d 898 (2008).
[4] Amanda C. v. Case, 275 Neb. 757, 749 N.W.2d 429 (2008).
[5] Johnson v. United States Fidelity & Guar. Co., 269 Neb. 731, 696 N.W.2d 431 (2005).
[6] Ahmann v. Correctional Ctr. Lincoln, 276 Neb. 590, 755 N.W.2d 608 (2008).
[7] Steffen v. Progressive Northern Ins. Co., 276 Neb. 378, 754 N.W.2d 730 (2008).
[8] Japp v. Papio-Missouri River NRD, 273 Neb. 779, 733 N.W.2d 551 (2007).
[9] See Sturzenegger v. Father Flanagan's Boys' Home, 276 Neb. 327, 754 N.W.2d 406 (2008).
[10] Yoder v. Cotton, 276 Neb. 954, 758 N.W.2d 630 (2008).
[11] Heinze v. Heinze, 274 Neb. 595, 742 N.W.2d 465 (2007).
[12] See Harper v. Silva, 224 Neb. 645, 399 N.W.2d 826 (1987).
[13] See, Heinze, supra note 11; Restatement (Second) of Conflict of Laws §§ 145 and 174 (1971).
[14] Restatement, supra note 13, § 145(2) at 414.
[15] Heinze, supra note 11.
[16] Restatement, supra note 13, § 174 comment c. at 520.
[17] Id.
[18] Id.
[19] Simms v. Vicorp Restaurants, 272 Neb. 744, 725 N.W.2d 406 (2006).
[20] See id.
[21] See Johnston v. State, 219 Neb. 457, 364 N.W.2d 1 (1985).
[22] See id.
[23] See id.
[24] Neb.Rev.Stat. § 27-402 (Reissue 2008).
[25] Neb.Rev.Stat. § 27-401 (Reissue 2008).